CHARLES R. PARKS *vs.* DAVID W. MOSHER and another.

Kennebec. Opinion August 3, 1880.

*Judgments, as admissions of record, open to explanation.*

When judgments, rendered upon default, are offered in evidence to show the fact of partnership of the defendants, they do not, as to that fact, have the effect of judgments, but are received only as admissions of record; and it is competent for the defendants to state in explanation all the circumstances under which the admissions were made. The case of *Cragin* v. *Carleton*, 21 Maine, 492, is considered in the opinion.

APPLETON, C. J., BARROWS and LIBBEY, JJ., dissenting, as to the admissibility of evidence here offered.

ON EXCEPTIONS.

ASSUMPSIT on an account annexed against David W. Mosher and William K. Lancey, as co-partners, under firm name of D. W. Mosher & Co. The only question presented at the trial was whether the defendants were partners. The plaintiff introduced in evidence three judgments of this court, rendered on default against these defendants as partners. The defendants then offered evidence to show, that those judgments were rendered upon claims against Mosher alone, and that they were settled and disposed of without the knowledge of Lancey, who appeared by counsel in these suits, and it was rejected, as follows :

David W. Mosher. *Question.*—Whether in the three suits, *Munsey* v. *Mosher et al.*, *H. L. Mosher* v. *Mosher et al.*, and *Patterson* v. *Mosher et al.*, settlements were made with the parties and default entered by compromise made by yourself, to which Mr. Lancey was no party and without his knowledge? [Objected to and excluded.] *Question.*—Whether you paid the amount yourself for which the actions were defaulted and execution issued? [Objected to and excluded.]

William K. Lancey. *Question.*—After the three suits were brought,—the writs which have been put in,—whether you had any conversation with Mosher in relation to them? [Objected to and excluded unless offered to contradict Mosher.] *Question.*— Whether Mosher stated to you that these suits were concerning his own matters and that he would take care of them, adjust

them, and that you need not. trouble yourself about them? [Objected to and excluded.]   *Question.*—Whether you had any knowledge of their being defaulted, and whether you have ever been called upon to pay anything upon them?   [Objected to and excluded.]   The defendants excepted to the exclusion of the testimony offered.

*Herbert M. Heath*, for the plaintiff.

The evidence offered was properly excluded.   *Cragin et al.* v. *Carleton et al.* 21 Maine, 492.

It is not for me to defend a decision that has stood in our reports for thirty-six years.   It is conclusive of this question: "The effect of judgments is never to be explained by parol; and surely not by the declarations of the parties to them in opposition to what is obviously imported by them."

*W. S. Choate*, for the defendant, cited:   *Ellis* v. *Jameson*, 17 Maine, 235; 1 Greenl. Ev. § 527, *a; Id.* § 211; *Heane* v. *Rogers*, 9 B. & C. 577; *Parsons* v. *Copeland*, 33 Maine, 370.

SYMONDS, J.   The rulings, to which exceptions are taken in the present case, find some support in the opinion of the court in *Cragin* v. *Carleton*, 21 Maine, 492, and perhaps they do not go further than that authority warrants, although the two cases are not precisely the same.   It is clear, too, that they have some advantages in point of practice;—affording no opportunity to do away with the effect of record admissions by ingenious explanations.

But, however that may be, we think they cannot be reconciled, in their full scope, with correct and well settled principles of evidence.

The question here is whether the defendants were in fact partners at a particular time, not whether they so held themselves out.   "The only question presented to the jury was whether the defendants were partners, or not."

The earlier judgments were received in evidence, not as judgments, but as admissions of record on the part of defendants that they were partners at the date when such judgments were rendered on default, or rather when the liability in those cases was assumed, and as tending, therefore, to prove that they were

partners at the date of the transactions involved in this issue. If they were received as admissions only, why is it not competent to state in explanation all the circumstances under which the admissions were made?

If the fact was, that, as between Mosher and Lancey, the debts sued in the former actions were due only from Mosher, and were defaulted without Lancey's knowledge, and settled by compromise to which he was not a party, or if Lancey suffered himself to be defaulted on Mosher's agreement to pay the judgments, admitting them to be his individual debts, which agreement was carried out in good faith, no reason appears why these facts might not be shown in a subsequent suit in which the record is offered in evidence by another plaintiff;— as tending to explain the admission contained in the record. To hold otherwise would give to the former judgment, between other parties, the weight of a judgment in evidence in this case, to which it is not entitled. It is only received here as an admission.

Suppose, for instance, the earlier judgments had been rendered against the defendants as partners on the ground that, while not partners in fact, they had so held themselves out to the plaintiffs in those suits; or suppose this was the reason for submitting to a default.

In such case, in a subsequent suit by another plaintiff, it is clear that the judgments, when offered as admissions of the fact of partnership, must be open to explanation; and when explained according to the fact they might have little or no tendency to serve the purpose for which they were introduced.

"When admissions in deeds are offered in evidence by a stranger, . . . . the adverse party is not estopped, but may repel their effect in the same manner as if they were only parol admissions." 1 Greenl. on Ev. § 211. "When a record is admitted in evidence in favor of a stranger, against one of the parties, as containing a solemn admission, or judicial declaration, by such party, in regard to a certain fact, it is received not as a judgment conclusively establishing the'fact, but as the deliberate declaration or admission of the party himself that the fact is so. It is therefore to be. treated according to the principles governing admissions, to which class of evidence it properly belongs." 1 Greenl. on Ev. § 527, *a.*

"The qualities of an estoppel, which are imputable to a party's pleas, so far as concerns the particular case in which they are pleaded, are not imputable to such pleas when offered in evidence collaterally." 2 Wharton on Ev. § 1117.

"The pleadings of a party in one suit may be used in evidence against him in another, not as estoppel, but as proof open to rebuttal and explanation, that he admitted certain facts." 2 Wharton on Ev. § 838.

In the case *City Bank of Brooklyn* v. *Dearbon*, 20 N. Y. 244—not unlike this in many respects—the court say: "The judgment, being by default, did not conclusively establish, in another suit, the fact of a partnership. Nevertheless, that very default was some evidence that they both considered themselves liable to pay another note given by the same partnership name and at about the same time with the one in question."

In *Cragin* v. *Carleton*, *supra*, WHITMAN, C. J., says, delivering the opinion of the court: "The effect of judgments is never to be explained by parol; and surely not by the declarations of the parties to them, in opposition to what is obviously imported by them."

This is undoubtedly true where the record offered has the effect of a judgment in the case on trial; but if for the word, judgments, as used in this sentence, the words, admissions of record, be substituted—and that is to state correctly the character of the evidence in the present case—the language employed by the learned Chief Justice would at once be seen to be inapplicable. *Parsons* v. *Copeland*, 33 Maine, 370–374.

Although the character of the evidence offered at the trial, does not make this a very strong case against the ruling as given, still it seems that logically and on the best authority some of the testimony excluded was admissible, in explanation of the effect of the judgments as admissions of the defendants.

*Exceptions sustained.*

WALTON, VIRGIN and PETERS, JJ., concurred.

### DISSENTING OPINION BY

APPLETON, C. J. The defendants were sued as partners. They submitted to a default. By the default they admitted the

.allegations in the writ. The judgments recovered in suits .against them as partners, were properly receivable to establish the fact of partnership in the present case. *Fogg* v. *Green*, 16 Maine, 282; *Ellis* v. *Jameson*, 17 Maine, 235; *Cragin* v. *Carleton*, 21 Maine, 492; Collyer on Partnership, § 773.

Assuming that the judgments introduced made only a *prima facie* case of partnership, the question arises whether the evidence offered was admissible to do away with their effect.

The defendant, Mosher, was asked whether in the suits in which judgments were rendered against the defendants as partners by default, he had entered into a compromise with the plaintiffs without the knowledge of Lancey, and had paid the amount. The answer was excluded. If the answer had been in the affirmative, it would not negative the fact of partnership. As a partner, he might compromise a debt of the firm and pay the same and such facts would afford no legitimate inference against the existence of such partnership. Sill less would an answer in the negative tend to disprove the existence of the alleged partnership.

The defendant, Lancey, was asked, if he had had any conversation with Mosher in relation to the suits in which the judgments had been received in evidence and whether he had stated to him that they related to his (Mosher's) affairs and that he need not trouble himself about them as he would adjust them. The answers to these questions were excluded and properly. The conversations of the partners *inter sese* in relation to past pending suits is not admissible. The defendants were witnesses and might deny the existence of a partnership, but they cannot strengthen that denial by giving proof of statements to each other not under oath.

The fact that Lancey had no knowledge of the defaults in the judgments introduced, is entirely immaterial. He knew of the suits and whether he knew of the defaults or the payments of the judgments in which defaults had been entered does not disprove or tend to disprove the fact of partnership.

The answers to the questions were properly excluded.

*Exceptions overruled.*

BARROWS and LIBBEY, JJ., concurred.