## CHAMBERS v. GROUT.

1. **Partnership:** EVIDENCE TO PROVE AND TO DISPROVE. The declarations of one person are not admissible to prove that another person is or is not his partner, where such declarations are not a part of the *res gestae;* but where a defendant is sought to be bound through an alleged partnership, he may testify that the partnership never existed, and may explain circumstances testified to by others tending to prove the partnership.

2. **Evidence:** ADMISSION OF: ERROR WITHOUT PREJUDICE. Where under the instructions, to which no exception was taken, the jury must have found for the defendant, the plaintiff could not have been prejudiced by evidence which tended only to diminish the amount of his recovery, in case there had been a verdict for him.

*Appeal from Mitchell Circuit Court.*

WEDNESDAY, APRIL 23.

ACTION on a written contract executed, as the plaintiff claims, by the defendant and one Bennett, as partners, by the terms of which they undertook to dig, or rather drill, a well for the plaintiff, to a sufficient depth to furnish a good and sufficient supply of water. It is alleged in the petition that said parties failed to comply with the contract on their part. The price agreed to be paid for the well was a wagon, of the value of seventy-five dollars, which was received by said parties as partners, as the plaintiff claims. This action was brought to recover the damages sustained by the failure of the said parties to perform their contract. The defendant, Grout, alone answered the petition, and denied all the allegations thereof, and also pleaded that he and Bennett were not partners, and that he never entered into the contract. He further pleaded that the plaintiff had accepted the well from Bennett in compliance with the contract, and thereafter delivered the wagon. Trial by jury, verdict for the defendant, and the plaintiff appeals.

*L. M. Ryce*, for appellant.

*M. M. Browne*, for appellee.

SEEVERS, J.—The material inquiry on the trial was whether the defendant and Bennett were partners, or had held themselves out to the world as such. For the purpose of establishing such issue, the plaintiff introduced as a witness one Williams, and proved by him that he had a conversation with the defendant, in which it will be conceded that the defendant made admissions tending to prove the partnership. A short time after this conversation, the witness had a conversation with Bennett, and the plaintiff sought to prove what the latter said. This evidence, as we think, was rightly excluded by the court. It is not claimed that it was a part of the *res gestae*, and it is clear, we think, that the declarations of one person are not admissable to prove that another person is or is not his partner.

No objection is made to the instructions, but it is assigned as error that the verdict is contrary to the instructions and contrary to the weight of the evidence. In neither proposition do we concur. We think the verdict is fully warranted by the evidence, and is not contrary to the instructions. Under the latter, the jury must have found, either that the defendant never executed the contract, and there was no partnership, or that the plaintiff accepted what was done as a completion of the contract, and delivered the wagon. This being so, it is immaterial whether the court erred in the admission of evidence which had a tendency to limit the extent of the plaintiff's recovery, and erred in the instructions given the jury on this question, or not, for the jury have found that the plaintiff is not entitled to anything. He therefore was not prejudiced by evidence which tended merely to lessen the amount to be recovered.

The defendant, when on the stand as a witness, was permitted to testify that he was not in pratnership with Bennett,

and also was permitted to explain circumstances testified to by others, which tended to so show. The action of the court in this respect is assigned as error. We deem it necessary only to say that in our opinion the evidence was clearly admissible.

AFFIRMED.