ANTONIO BONAZZI *v.* LEROY F. FORTNEY.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES,. and SLACK, JJ.

Opinion filed May 11, 1920.

*Error Not Shown in Excluding Contents of Letter When Letter*
*Not Before Court—Explanation of Inadmissible Evidence—*
*Remark of Court That Witness Was Not Hostile Proper—*
*Malicious Prosecution—Evidence of Probable Cause—De-*
*fault Judgment as Admission of Partnership—Explanation*
*of Default Judgment—Error in Charge as to Damages Im-*
*material When no Liability—General Exception to Failure*
*to Charge—Charge Considered as a Whole—Question Not*
*Raised Below Not Considered—Supplemental Charge With-*
*out Exception Cures Error.*

1.  Where a question calling for the contents of a letter was excluded
    and the letter is not before the Court, harmful error is no
    .shown.
2.  In an action for malicious prosecution based upon the institution
    of an action for fraudulent representations that plaintiff and
    another were partners under a certain firm name, where a re-
    turn made by such third person to the commissioner of taxes
    that he alone was doing business under such firm name and
    introduced in evidence by the plaintiff without objection was
    inadmissible, it was not error to refuse to allow the plaintiff
    to show why such return was made.

3. Where the cross-examiner insisted that he was entitled to ask a certain question because it appeared that the witness was hostile, the court's remark, "I don't see, myself, how that can be so; he has been very fair, frank, and open about his statements apparently," was not error, as it was no more than a finding that the witness was not hostile, as claimed.

4. Evidence that before the defendant instituted the suit against the plaintiff for fraudulent representations he had been told that the plaintiff's representations were false, was admissible as bearing upon the question of probable cause and malice in commencing that suit.

5. A judgment by default against the plaintiff in a suit against him and a third person as partners was admissible as an admission by him that a partnership existed between him and such third person.

6. In such case, plaintiff was entitled to show that he submitted to the default judgment because of his attorney's advice; and also to show by his attorney that plaintiff directed him to have the default set aside, but he did not do so because he knew that the matter had been dropped.

7. Error in the court's charge relating solely to the question of damages is immaterial where defendant's liability was not established.

8. An exception to the court's failure to charge on the subject of when advice of counsel constitutes probable cause, that, if the defendant made false representations to his counsel, he would not be protected if counsel advised him that he had a good suit, was too general to be availing, since the false representations, if any, must have been as to material facts, and must have been considered and relied upon by counsel in giving his advice.

9. A part of a charge which, standing alone, might be objectionable is not prejudicial when, considered with all that was said on the subject, it is obvious that the jury could not have been misled by it.

10. A ground of exception to a charge not raised below will not be considered.

11. Error in a charge is cured by a supplemental charge on the subject to which no exception is taken.

ACTION OF TORT for malicious prosecution. Plea, the general issue. Trial by jury at the March Term, 1918, Washington County, *Waterman*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Fred L. Laird* and *Edward H. Deavitt* for the plaintiff.

*Joseph Frattini* and *John W. Gordon* for the defendant.

SLACK, J. This is an action for malicious prosecution. The material facts are these, in substance:

In 1915 the defendant and one Bartlett brought an action against the plaintiff for fraud and deceit. The declaration contained four counts.

In one it was alleged, in substance, that on June 10, 1914, the defendant therein applied to the plaintiffs therein to sign, as sureties for him and one Ferdinando Bonazzi, a promissory note for $1,847, payable to the First National Bank of Montpelier and signed "F. Bonazzi & Son," in the handwriting of the defendant, and then told them that he and Ferdinando were partners doing business under the firm name of F. Bonazzi & Son; and that the note was the obligation of that firm, and that to induce them to sign such note he then and there falsely and fraudulently represented to them, and each of them, that the firm of F. Bonazzi & Son was then solvent, and that it had on hand a large number of profitable orders, and also that a person who was then out of the State would help them take care of the note when it fell due.

The other counts were based on false representations alleged to have been made to induce plaintiffs to sign a note of like amount dated November 9, 1914. The allegations in the latter counts respecting the representations as to the partnership, the solvency of the firm, and the amount of profitable orders on hand were the same, in substance, as the allegations in the first count mentioned. Then followed an allegation that the defendant falsely and fraudulently represented that the firm then had two granite jobs in process of construction from which it would realize about $800, and that it would receive its pay for them before the November note came due, and that this money would be applied on that note.

It was alleged in each count that the representations alleged therein to be false and fraudulent were so in fact; that this was known to the defendant and unknown to the plaintiffs; that they signed the two notes relying solely upon those representations, and that they were obliged to pay them and thereby suffer the full loss of same, except the sum of $489.50, which was realized on a mortgage held by Bartlett.

That writ was served by arresting the defendant's body. The case was entered in Washington county court June 30, 1915, and was discontinued at the March term 1917, Bartlett having died in the meantime.

On the trial of the instant case there was a sharp conflict in the evidence on the questions whether the plaintiff was a member of F. Bonazzi & Son, or so represented himself to Bartlett and this defendant, and whether he made the several false and fraudulent representations alleged in the declaration in the original suit; the plaintiff's evidence tending to show the negative of each of these questions, while the defendant's evidence tended to show the affirmative.

The defendant also introduced evidence to show that in bringing that suit he and Bartlett acted under the advice of competent counsel. F. Bonazzi & Son were engaged in the granite business.

[1] The plaintiff was postmaster at Plainfield from April 1, 1914, until after the trial below. On the trial defendant was called as a witness by plaintiff and asked if he did not try to get plaintiff removed from that office. He said "No." He was then asked if he wrote the Post Office Department, and he said he would answer "Yes," if he could tell the reason. He was then asked: "And you stated that, didn't you * * *." The examiner was interrupted by an objection, whereupon the court said: "The way that question is put, unlimited as to time, date, or anything of that kind it is not admissible." The examiner did not change the question, and it was excluded, subject to the plaintiff's exception. It is now claimed that it was proper to show the defendant's *animus* toward the plaintiff. True, but the letter is not before us, and the record does not disclose harmful error.

Exceptions briefed by plaintiff as Nos. 2 and 3 to the admission of evidence relate to remarks made by defendant's counsel in the cross-examination of the plaintiff. Both remarks were

withdrawn and no exception was allowed to either so they are not before us.

[2]   The plaintiff introduced in evidence a return filed with the commissioner of taxes by Ferdinando December 5, 1914, wherein he made oath that he began doing business in this State August 16, 1907, under the name of F. Bonazzi & Son. This was the first attempt by any one on behalf of F. Bonazzi & Son to comply with the requirements of No. 117, Acts of 1908. The plaintiff then offered to show by a clerk of the commissioner of taxes that this return was made because the commissioner insisted upon it. This was excluded, and the plaintiff had an exception. Later the plaintiff offered to show substantially the same facts by Ferdinando, to meet any claim that might be made by the defendant that this return was filed, just before Ferdinando went into bankruptcy, for the purpose of showing that the plaintiff was not a member of F. Bonazzi & Son, and therefore not liable for debts owed by that party. This was excluded, subject to the plaintiff's exception.

This return was sworn to December 4, 1914, and the day following Ferdinando filed his petition as a voluntary bankrupt.

It is not apparent upon what ground the return was admissible. It was a declaration made long after the right of action of Bartlett & Fortney, if they had one, accrued, by a person not a party to the litigation, and who, the plaintiff claimed, never was his partner.

The declarations of one partner are not admissible to establish a partnership as against another who denies it. *Bundy* v. *Bruce et al.*, 61 Vt. 619, 17 Atl. 796. In *Teller* v. *Patten*, 20 How. 125, 15 L. ed. 831, where the question was whether one of the defendants was a partner with the others, his declarations that he was not, made to third persons, when the plaintiff was not present, were held inadmissible. *Mark* v. *Handy*, 117 Ky. 663, 78 S. W. 864, 1105, 4 Ann. Cas. 814; *Bowie* v. *Maddox*, 29 Ga. 285, 74 A. D. 61; *Chambers* v. *Grout*, 63 Iowa 342, 19 N. W. 209.

But the return was admitted without objection, and the question is whether the court erred in refusing to allow the plaintiff to show why it was made at that time. Regarding the admissibility of this return as we do, and the fact that it was introduced by the plaintiff, we think it would have been going far

afield to have received the offered evidence. It was properly excluded.

[3]  In cross-examination of Mr. Martin, a witness called by the defendant, counsel insisted that he was entitled to ask a certain question because it appeared that the witness was hostile to his client. The court said: "I don't see, myself, how that can be so; he has been very fair, frank, and open about his statements apparently." Plaintiff claims that this remark constituted error, but we think, in effect, it was no more than a finding by the court that the witness was not hostile, as claimed; a question raised by the plaintiff, and necessary to be determined before the examination proceeded.

[4]  The June 10th note was given to take up a note then due. Defendant testified, in substance, that before he signed the June 10th note the plaintiff told him that, if he would sign it, it never would come up against him; that he had a friend in Montpelier, who was in New York at the time, who had promised to take care of the note then due, and that he had just talked with his friend's son, and the latter told him that his father said just as soon as he returned he would take up the note as he had agreed to.

Defendant was later permitted to testify, subject to plaintiff's exception, that he was informed by Bartlett, before he and Bartlett brought their suit against Bonazzi, that what plaintiff told defendant about his friend agreeing to take care of the note, etc., was not true. This evidence was not admitted to prove the fact stated by Bartlett, but to show the information which the defendant had, whether true or false, when that suit was commenced, as bearing upon the questions of probable cause and malice. For this purpose the evidence was admissible.

[5]  Defendant, when putting in his evidence, was permitted to introduce, subject to the plaintiff's objection and exception that it was immaterial, the record in a case of *Consolidated Quarries Co.* v. *F. Bonazzi & Son,* from which it appeared that Ferdinando and Antonio Bonazzi were sued as partners, that the writ was served on both of them December 4, 1914, and duly entered in Washington county court, where such proceedings were had that the case was terminated as to Ferdinando by his proceedings in bankruptcy, and judgment was rendered against Antonio, by default, for $547.17 damages, and costs.

To allow judgment to be entered against him by default in that case was in effect an admission by Antonio that a partnership existed between him and Ferdinando, and it was admissible. 1 Green. on Ev. par. 527a (8th ed.); *Parks* v. *Mosher*, 71 Me. 304; *Millard* v. *Adams*, 1 Misc. Rep. 431, 21 N. Y. Supp. 424.

[6]    Plaintiff testified that in fact the writ in that case was not served on him; and in rebuttal called as a witness Edward H. Deavitt, a lawyer, and, after showing that the witness was consulted by plaintiff, offered to show by him that plaintiff informed him that he was not served with a copy of the writ, and that the witness advised plaintiff not to enter an appearance, and told him that, if judgment were entered against him in that case, under those circumstances, witness would bring proceedings to set it aside.    This was excluded, and plaintiff had an exception. This was error.    If the plaintiff submitted to a default judgment in that case because of the advice Deavitt gave him, he was entitled to show that fact.    *Russ* v. *Good*, 90 Vt. 236, 97 Atl. 987, and cases there cited; *McKinstry* v. *Collins et al.*, 76 Vt. 221, 56 Atl. 985.

We think, too, that as this matter stood, the evidence of Deavitt, offered in this connection, to the effect that plaintiff instructed him if judgment were entered against plaintiff in that case to take steps to set it aside, and that witness did not do so because he knew the matter had been dropped was admissible, and its exclusion was error.

[7]    The plaintiff lays much stress upon various exceptions to the charge that relate solely to the question of damages, but, having failed to establish liability on the part of the defendant, these exceptions are immaterial.    *Bianchi & Sons* v. *Montpelier & Wells River Railroad*, 92 Vt. 319, 104 Atl. 144.

[8]    The court charged the jury: "If in this case Mr. Bartlett and Mr. Fortney acted upon the advice of competent counsel and went to him and stated the case fairly, just as they understood and believed it to be, as far as the facts were not already known to him, and all the material facts were understood by the counsel, then this defendant and Mr. Bartlett would have the right to rely upon his advice; and if, acting honestly and in good faith, they did rely on the advice of counsel as to bringing this suit, that suit, then that was probable cause, that of itself, constituted probable cause, and the plaintiff cannot recover on this branch of the case.    That is, if you find they consulted counsel

and relied upon what he said after telling him the facts, and upon his advice to them to bring this suit, and they followed his advice, and brought the suit, that would constitute probable cause,'' etc. The plaintiff excepted to the charge on this subject because the court failed to tell the jury in that connection: ''That if the defendant made false representations to his counsel, then he would not be protected, if counsel advised him that he had a good suit.''

If the charge were faulty in the respect complained of, which is not decided, the exception was too general to be availing. The false representations, if any, must have been as to material facts, and must have been considered, and relied upon by counsel in giving his advice; that is, they must have played some part in producing the conclusion arrived at by counsel and the advice given by him.

Plaintiff excepted to the failure of the court to charge that if Bartlett and Fortney maliciously misrepresented facts to their counsel, it should be considered on the question of exemplary damages, but this exception is of no force for reasons stated.

The court charged the jury in substance that if the plaintiff and his father held themselves out as partners so that a prudent man would take the view that Bartlett and Fortney did, that Antonio was a member of the firm and liable with his father for the debts of the firm, etc. To this the plaintiff excepted on the ground that it appeared that Bartlett knew that this business name was used several years before, when plaintiff was a minor, and that the transaction was a continuous one. The relation of Bartlett and Fortney to each other and to the Bonazzi & Son note was such that Fortney was not chargeable with knowledge which Bartlett had on that subject. The exception is without merit.

[9] The court, after charging fully on the subject of probable cause, called the attention of the jury to the subject of malice, and, among other things, said: ''Did the two men bring the suit merely to collect, if possible, a part of the money they had lost, the ordinary case of trying to reimburse themselves as far as possible, or, was it done with malicious intent?'' This was excepted to on the ground that it gave the jury to understand that those men ought to have something. If this language, standing alone, is susceptible of the meaning claimed, which is doubtful, considered with all that was said on this subject, as it must be (*Clark's Admr.* v. *Wilmington Savings Bank*, 89 Vt.

·6, 93 Atl. 265), it is obvious that the jury could not have been misled by it.

[10, 11]    The evidence as to what took place when the ·officer served the writ in *Bartlett & Fortney* v. *Bonazzi* was conflicting.    To what the court said on that subject in its charge the plaintiff excepted.    He now urges that it makes no difference whether or not he was arrested in that suit so far as his right of action is concerned, and calls attention to *Closson* v. *Staples*, 42 Vt. 209.    That case is authority for the plaintiff's contention. But his exception was not that the charge as given affected his right of recovery, but rather that it belittled his claim for damages, and we have seen that all exceptions bearing upon that phase of the case were vitiated by the verdict.    Moreover, after this exception was taken, the court recharged the jury at length ·on this subject, and no exception was taken thereto.    The error, if any, was thereby cured.    *Davis* v. *C. V. Ry. Co.*, 88 Vt. 460, ·92 Atl. 973.

*Judgment reversed, and cause remanded.*