[No. 14208.    In Bank. — November 22, 1892.]

JULIUS BAUM, RESPONDENT, v. JOSEPH W. REAY, APPELLANT.

EJECTMENT — PRIOR POSSESSION OF PLAINTIFF'S GRANTOR — SUFFICIENCY OF EVIDENCE. — Where the evidence in an action of ejectment for a city lot connects the plaintiff with the title of a prior possessor of the lot, and tends to show that such prior possessor had the lot inclosed by a fence, and does not show an adverse possession of the lot by the defendant and his grantors for a period of five years before the commencement of the action, a verdict and judgment for the plaintiff will not be disturbed upon appeal.

ID. — EVIDENCE — INVENTORY AND APPRAISEMENT OF DECEDENT'S ESTATE — MEMORANDA — REFRESHING MEMORY. — When the title of the plaintiff is deraigned through the estate of a decedent, and it appears that the land sold to plaintiff was undervalued, on account of the adverse possession of a part of the land by the defendant, the inventory and appraisement of the estate, though admissible as memoranda to refresh the memory of an appraiser in whose handwriting the inventory was made, and who testified for the defendant to the fact of such undervaluation, are not admissible or competent evidence on behalf of the defendant to prove the facts stated in the inventory.

ID. — PAYMENT OF TAXES — ADVERSE POSSESSION — PRIOR POSSESSOR — ABANDONMENT. — Prior to 1877 it was not necessary to an adverse possession of land that the possessor should have paid taxes thereon, and the payment of taxes was not material upon the question of title or prior possession; yet evidence of the payment of taxes by the administrator of a prior possessor is admissible to show the nature and character of the claim, and that the possession had not been abandoned.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought in 1877 to recover possession of the land described in the opinion of the court.  The plaintiff claimed to have succeeded by mesne convey-

ances to the right of possession of Jacob C. Beideman, who was in possession of the lot sued for prior to his death, which occurred in 1867. Plaintiff deraigned title under a deed from J. W. Brumagin, as the administrator of Beideman's estate, who testified that the lot in controversy was included in a tract of land fenced in without any cross-fence when he took possession of it as administrator of Beideman, and that he employed the same men who were employed by Beideman to keep up the fences, and that as administrator of Beideman he had paid taxes on the land, and that no other person was in actual possession of any part of the land at that time. Brumagin gave an administrator's deed of the land, March 13, 1868, to Frederick Hess, who conveyed it to Robert Muhlendorf March 31, 1868, and Muhlendorf's executor conveyed it to the plaintiff August 12, 1874, who paid the taxes on the lot in controversy. The petition of Muhlendorf's executor for an order of sale, dated September 19, 1873, was offered in evidence by the plaintiff, and stated that one half of the lot, on the southeast corner of Turk Street and Van Ness Avenue, was in the adverse possession of one Reay, who claimed title to said portion, and that the lot in that condition was appraised at five thousand dollars. Plaintiff proved an order of sale of the lot and an executor's deed under said petition. On behalf of the defendant, Daniel Rogers, using the inventory and appraisement of the estate of Robert Muhlendorf, deceased, as a memoranda, testified that he was one of the appraisers, and that the inventory and appraisement was in his handwriting, and that the lot at the southeast corner of Turk Street and Van Ness Avenue was " valued eight thousand dollars with a good title, but in its present condition valued at five thousand dollars." The inventory and appraisement were then offered in evidence and excluded. The defendant's counsel offered to prove by the witness Rogers that when the matter was fresh in his mind he made a memorandum as to the possession of the property in 1873 and placed in his hand the same inventory and appraisement, and the court ex-

cluded the evidence. The court instructed the jury that in order that the possession of the defendant should be adverse for five years prior to the commencement of the suit August 3, 1877, it was not necessary that the defendant, or those under whom he claims, should have paid any taxes on the land, and that on the question of title or prior possession of real estate the payment of taxes is not material. The defendant asked the court to instruct the jury to disregard all testimony upon the subject of taxes, which instruction was refused. Further facts are stated in the opinion of the court.

*J. M. Seawell,* for Appellant.

The trial court erred in allowing the plaintiff to prove the payment of taxes. (*Davis* v. *Perley,* 30 Cal. 635; *Davis* v. *Baugh,* 59 Cal. 579; *Tillotson* v. *Prichard,* 60 Vt. 94; 6 Am. St. Rep. 96; *Ware* v. *Brookhouse,* 73 Miss. 456; *Nicholson* v. *Tarpey,* 70 Cal. 608; *Reed* v. *Field,* 15 Vt. 672; *Pier* v. *Duff,* 63 Pa. St. 63.) The court also erred in refusing to admit in evidence the inventory and appraisement. (*Insurance Companies* v. *Weides,* 14 Wall. 375; *Guy* v. *Mead,* 22 N. Y. 462; *Aeklen's Ex'r* v. *Hickman,* 63 Ala. 494; *Webster* v. *Clark,* 30 N. H. 253; *Halsey* v. *Sinsebaugh,* 15 N. Y. 485.)

*Joseph Naphtaly,* and *Edward R. Taylor,* for Respondent.

Proof of the payment of taxes by the plaintiff was properly admitted. (*Thompson* v. *Stewart,* 5 Litt. 5, 6; *Martin* v. *Simpson,* 4 McCord, 262; *Doe ex dem. Human* v. *Pethit,* 5 Barn. & Ald. 224; *Jackson* v. *Vredenbergh,* 1 Johns. 159.) The inventory was not admissible in evidence. (*Aeklen's Ex'r* v. *Hickman,* 63 Ala. 494; Code Civ. Proc., sec. 2047.)

The Court. — This cause was heard and decided in Department One. We are satisfied with the views therein expressed and the conclusion reached; but in support of the ruling of the court below in excluding the inventory offered in evidence by the defendant, we cite the follow-

ing cases: *Leighton* v. *Wike,* 4 Serg. & R. 204; *Aeklen's Executor* v. *Hickman,* 63 Ala. 494. The rule in New York has been changed (*Guy* v. *Mead,* 22 N. Y. 466); but our code seems to indorse the rule followed in Pennsylvania and Alabama, and which formerly prevailed in New York. (Code Civ. Proc., sec. 2047.)

The judgment and order are affirmed.

DE HAVEN, J. — I dissent from the judgment.

Mr. Justice Harrison, being disqualified, did not participate in the foregoing decision.

The following is the opinion above referred to, rendered in Department One on the 6th of February, 1892: —

The COURT. — This is an action of ejectment to recover a lot of land situate on the southeast corner of Van Ness Avenue and Turk Street, in the city and county of San Francisco. The answer denies plaintiff's alleged ownership and right of possession of a certain portion of the lot described in the complaint, and sets up the statute of limitations. (Code Civ. Proc., secs. 318, 319.) There was a general verdict in favor of the plaintiff, and a judgment was entered thereon, from which the defendant has appealed.

The basis of plaintiff's title is the prior possession of himself and his grantors. It is claimed by appellant that the evidence is insufficient to show that either the plaintiff or any of his grantors ever had the actual possession of the land. We have carefully examined the evidence in the record, and think there is sufficient evidence to support the verdict.

We do not think the court erred in excluding the inventory, or in rejecting the proffered testimony of the witness Rogers. The inventory was admissible in evidence only as memoranda to refresh the memory of the witness. It was not competent evidence to prove the facts stated in the inventory itself. The defendant was

not injured by the rejection of the testimony, because the witness had already been permitted to testify to all he could have testified to, using the inventory as a memorandum.

Exceptions were taken to some of the instructions of the court to the jury; but we think, taken as a whole, they are fair and correct.

It is claimed that the court erred in charging that the plaintiff had made out a record title. It is true that the court did say that "the plaintiff has made out a record title to the land in controversy"; but later on, when attention was called by an exception to that portion of the charge, the court said: "I do not remember my exact words. I say I have decided here, as the deeds were offered in evidence, that the record title was complete from Mr. Beideman's time down to the plaintiff in this case. Whatever title Beideman had at the time of his death, the records show that the plaintiff has acquired whatever title Mr. Beideman had." This latter statement was strictly correct, and must have been understood by the jury.

We do not think the court erred in permitting the plaintiff to prove payment of taxes by Brumagin. The evidence was admissible to show the nature and character of the claim, and that it had not been abandoned. The instructions of the court on the subject of taxes were correct.

The judgment and order are affirmed.

Mr. Justice Harrison, being disqualified, did not participate in the foregoing opinion, and Mr. Justice McFarland acted in his place.

Rehearing denied.