### MILLARD *v*. ADAMS.

(City Court of Brooklyn — General Term, December, 1892.)

In an action against defendants as partners, the judgment-roll in an action brought by a third party against defendants in which judgment by default was entered against the defendant herein, as a member of the firm, was admitted in evidence in this action. *Held*, that the judgment by default was evidence of the partnership of the defendants herein and that a dismissal of the complaint was error.

*Thornton, Earl & Kiendl*, for plaintiffs (appellants).

*Herman F. Koepke*, for defendant (respondent).

CLEMENT, Ch. J. The plaintiffs were copartners in business, and creditors of the firm of Kirkland & Co. and brought this action on the theory that the defendant was a partner in such firm. The plaintiffs claim that William Kirkland and the defendant were partners under the name of Kirkland & Adams, Kirkland & Co. or William Kirkland & Co. The complaint was dismissed at the trial at the end of plaintiffs' case, and this appeal was taken.

While the testimony tending to show that defendant was a partner is weak, nevertheless we think that it was sufficient to put the defendant on her defense. The plaintiffs put in evidence a judgment-roll in this court in an action brought by Annie E. Towner against William Kirkland and the defendant, in which judgment by default was taken against the defendant as a partner in the firm of Kirkland & Co. While it is true that, in the complaint in this action, it is alleged, in the first cause of action, that the firm name was Kirkland & Adams, in the second and third causes of action it is charged that the defendants made promissory notes under the firm name of William Kirkland & Co. The allegation of partnership is the material issue, and so it was in the Towner case, and if the partnership existed, the firm name is immaterial. The plaintiffs called William Kirkland as a witness, who testified that he had spoken to the defendant about matters of business in 1890, and on one occasion she said "how is our business get-

ting along ? " We have stated substantially all the testimony in the case.

The learned counsel for the respondent concedes in his brief that the judgment by default could be put in evidence by a stranger to prove the existence of the partnership. This rule of evidence is recognized by all the text writers, and in a late case in the Court of Appeals of this state. In *Eisenlord* v. *Clum*, 126 N. Y. 552, 559, Judge PECKHAM said, " The cases cited from 1 Greenleaf on Evidence, section 527, are those where it was claimed the party had made an admission in a declaration or other pleading, or had suffered default, and it was held such express admission or such constructive admission by suffering a default, was competent evidence against him. We do not doubt the correctness of this rule. It is not the judgment which is to form the evidence. It is the admission contained in the pleading or by the suffering of the default."

We do not think that it is necessary to discuss the question at length, as the case just quoted seems to be conclusive that the judgment by default was evidence that William Kirkland and the respondent were partners, and taken in connection with the testimony of William Kirkland, made out a *prima facie* case against the defendant.

Judgment reversed and a new trial granted, with costs to appellants to abide the event.

VAN WYCK, J., concurs.

Judgment reversed, new trial granted, costs to appellant to abide the event.