MILLARD et al. v. ADAMS et al.

(City Court of Brooklyn, General Term. December 27, 1892.)

1. EVIDENCE—ADMISSIONS—JUDGMENT BY DEFAULT.
    A judgment by default, rendered on a complaint alleging defendants to be partners, may be put in evidence by a stranger in another action to prove the existence of the partnership, as the suffering of the default is an admission of that fact.

2. SAME—EVIDENCE OF PARTNERSHIP.
    The judgment by default is not rendered inadmissible by the fact that there is a variance in the firm name, as alleged in the two actions, since the existence of the partnership is the material issue.

3. SAME.
    In an action to charge defendant as a partner with her codefendant, such judgment by default, together with evidence that defendant, on one occasion, asked her codefendant, "How is our business getting along?" is sufficient to make out a prima facie case against such defendant, and it is error to direct a verdict in her favor.

Appeal from trial term.

Action by William B. Millard and others against Francis H. Adams and William Kirkland, in which plaintiffs sought to charge defendant Adams as a partner with her codefendant. The complaint was dismissed at the close of plaintiffs' case, and plaintiffs appeal. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Thornton, Earl & Kiendl, for appellants.
Herman F. Koepke, for respondents.

CLEMENT, C. J. The plaintiffs were copartners in business, and creditors of the firm of Kirkland & Co., and brought this action on the theory that the defendant was a partner in such firm. The plaintiffs

claim that William Kirkland and the defendant were partners under the name of Kirkland & Adams, Kirkland & Co., or William Kirkland & Co. The complaint was dismissed at the trial, at the end of plaintiffs' case, and this appeal was taken.

While the testimony tending to show that the defendant was a partner is weak, nevertheless we think that it was sufficient to put the defendant on her defense. The plaintiffs put in evidence a judgment roll in this court in an action brought by Annie E. Towner against William Kirkland and the defendant, in which judgment was taken by default against the defendant as a partner in the firm of Kirkland & Co. While it is true that in the complaint in this action it is alleged, in the first cause of action, that the firm name was Kirkland & Adams, in the second and third causes of action it is charged that the defendants made promissory notes under the firm name of William Kirkland & Co. The allegation of partnership is the material issue, and so it was in the Towner Case; and, if the partnership existed, the firm name is immaterial. The plaintiffs called William Kirkland as a witness, who testified that he had spoken to the defendant about matters of business in 1890, and on one occasion she said, "How is our business getting along?" We have stated substantially all the testimony in the case.

The learned counsel for the respondent concedes in his brief that the judgment by default could be put in evidence by a stranger to prove the existence of the partnership. This rule of evidence is recognized by all the text writers, and in a late case in the court of appeals of this state. In Eisenlord v. Clum, 126 N. Y. 552, 559, 27 N. E. Rep. 1024, Judge Peckham said:

"The cases cited from 1 Greenleaf on Evidence, (section 527a,) are those where it was claimed the party had made an admission in a declaration or other pleading, or had suffered default; and it was held such express admission, or such constructive admission by suffering a default, was competent evidence against him. We do not doubt the correctness of this rule. It is not the judgment which is to form the evidence. It is the admission contained in the pleading, or by the suffering of the default."

We do not think that it is necessary to discuss the question at length, as the case just quoted seems to be conclusive that the judgment by default was evidence that William Kirkland and the respondent were partners, and, taken in connection with the testimony of William Kirkland, made out a prima facie case against the defendant. Judgment reversed, and a new trial granted, with costs to appellants to abide the event.