MALVILLE v. KAPPELER.

No. 15,570; October 2, 1894.

37 Pac. 934.

**Executor—Liability for Services of Attorney.—In an Action to Recover** attorneys' fees for services rendered in an action in which defendant was named as defendant both individually and as executrix, though not a necessary party thereto, it appeared that she made no claim in such prior action in her individual capacity, and she testified that she employed plaintiff merely as attorney for the estate, but this plaintiff denied. The property received by defendant in settlement of the prior action was applied to the benefit of the estate of which she was executrix, and plaintiff received an allowance from the estate for his services, under order of court. Held, that a finding that plaintiff was not employed by defendant in her individual capacity was proper.

**Executor—Liability for Services of Attorney.—In Such an Action the Inventory** filed by the executrix, who was the wife of the

testator, would not determine whether certain premises were separate or community property, and was therefore inadmissible for that purpose.

APPEAL from Superior Court, City and County of San Francisco; Charles W. Slack, Judge.

Action by one Malville against one Kappeler. There was a judgment for defendant, and plaintiff appeals. Affirmed.

N. B. Malville for appellant; L. J. Hardy, Jr., for respondent.

HARRISON, J.—The appellant is not entitled to recover from the respondent for his services, unless they were rendered at her request. This issue is directly presented by the pleadings, and the testimony thereon was contradictory; the plaintiff testifying that he was retained by her as her attorney in the action in which the services were rendered, and the defendant testifying that she never employed him, except as the attorney for the estate of her husband, of which she was executrix, and that for these services he had been fully paid. The finding of the court is in accordance with the testimony of the defendant, and upon this appeal must be accepted as conclusive. It may be added that the testimony of the defendant is corroborated by the circumstances under which the services were rendered. The suit was to foreclose a mortgage upon property belonging to the estate of the deceased husband of the defendant, made by him in his lifetime, and the only interest of the defendant in the property was such as she had under the will. Although she was named as a defendant individually, as well as in her representative capacity, she was not a necessary party defendant in the foreclosure suit, and in the answer which was prepared by the plaintiff no claim was made on her behalf, except as the executrix of the will. All the property that was received in the settlement of the suit was received for and applied to the benefit of the estate of which the defendant was executrix. For the services thus rendered by the plaintiff he was allowed by the probate court the sum of $1,500, and the court below finds that this was for all the services rendered by him in the action.

The inventory in the estate would not, for the purposes of this action, determine whether the mortgaged premises were separate or community property, and when offered for that purpose, was properly refused by the court. The judgment and order are affirmed.

We concur: Van Fleet, J.; Garoutte, J.