[Civ. No. 6861. First Appellate District, Division One.—December 19, 1929.]

In the Matter of the Estate of GEORGE PHILIP REG-NART, Deceased. W. A. BROOKE, as Administrator, etc., et al., Respondents, v. MINNIE M. CRAIG, Appellant.

J. E. McCurdy, I. F. Chapman and William Penn Humphreys for Appellant.

H. A. Blanchard and Ross & Ross for Respondents.

THE COURT.—An appeal by Minnie M. Craig, the daughter and only child of Cora B. Regnart and the step-daughter of George P. Regnart, deceased, from parts of the decree of final distribution entered in the estate of the latter.

The court found a portion of the estate, to wit, $8,009.79, to be the proceeds from the sale of the separate property of the deceased, and distributed the same to the respondents herein, who are his nephews and nieces.

Appellant contends that the property from which the above sum was derived was the community property of the deceased and Cora B. Regnart, his wife, who predeceased him, and that the above finding is unsupported. This is the only question presented by the appeal, it being conceded that if the above sum was community property as alleged the whole thereof, as provided by subdivision 8 of section 1386 of the Civil Code, should have been distributed to appellant.

It is admitted that four parcels of real property were acquired by the spouses in the years 1909 and 1916, the deed in each instance running to both as grantees, and the same were owned by them until the death of Mrs. Regnart, who died intestate on February 4, 1922. George P. Regnart was appointed administrator of his wife's estate, but having died before qualifying, the appellant was appointed and qualified as administratrix thereof on March 24, 1923. The administratrix filed an inventory wherein it was stated that the estate owned an undivided one-half interest in the real property mentioned and that the other half interest was owned by the estate of said George P. Regnart. The latter died intestate on March 23, 1923, and W. A. Brooke was appointed and qualified as the administrator of his estate. An inventory was filed by the administrator describing the above parcels and containing the same declarations as to the respective interests of the spouses as that filed in the estate of Mrs. Regnart. The sole appraiser, who

acted in both estates, reported that the undivided interests of the decedents constituted the separate property of each respectively. Orders were filed in each estate confirming sales of the undivided interests of each in the same parcels of real property, the sales being made to the same purchasers for like amounts, and in neither estate were objections filed to the returns of sale nor appeals taken from the orders confirming the same. The estate of Mrs. Regnart was finally distributed on November 2, 1927, appellant receiving one-half and the other half being distributed to the heirs of George P. Regnart. It was testified by appellant and a brother of Mrs. Regnart that the latter and George P. Regnart were married in 1906; that the latter was employed in a planing-mill at San Mateo; that shortly after the marriage Mrs. Regnart opened a boarding and lodging house at that place and conducted the same until her death in 1922; that during the six or seven years immediately previous to 1922 George P. Regnart was not employed; that the real property in question was purchased with the money earned by Regnart while employed as above and the proceeds from the business carried on by Mrs. Regnart. No evidence to the contrary was adduced.

At the time the property was acquired section 164 of the Civil Code, which referred to the preceding sections 162 and 163, provided that ''all of the property acquired after marriage by either husband or wife or both is community property; but whenever any property is conveyed to a married woman by an instrument in writing the presumption is that the title is thereby vested in her as her separate property; and in case the conveyance be to such married woman and her husband, or to her and another person, the presumption is that the married woman takes the part conveyed to her as tenant in common unless a different intention is expressed in the instrument . . . '' (Stats. 1897, p. 63.) The deeds presumptively vested the property in the spouses as tenants in common (*Pabst* v. *Shearer*, 172 Cal. 239 [156 Pac. 466]), the interest conveyed to Mrs. Regnart being presumed under the above section to be her separate property (*Gilmour* v. *North Pasadena etc. Co.*, 178 Cal. 6 [171 Pac. 1066], and that conveyed to her husband the community property of the marriage (*Pabst* v. *Shearer, supra; Miller* v. *Brode,* 186 Cal. 409, 414 [199

Pac. 531]). ■ Respondents contend that appellant, as administratrix of Mrs. Regnart's estate, having treated her interest in the property as her separate estate is estopped from claiming that the remaining interest was not the separate property of the husband. So far as appears, the court in distributing Mrs. Regnart's estate followed the presumption that the interest conveyed to her was her separate property. Moreover, the fact that the deed was in form to both husband and wife was in itself evidence of his intention to make a gift to his wife of the interest conveyed to her (*Gilmour* v. *North Pasadena etc. Co., supra*), and no claim to the contrary was made by those interested. There was nothing connected with the administration of Mrs. Regnart's estate which estopped appellant, either as administratrix thereof or as one of the distributees, from claiming the interest of Regnart to be the community property of the spouses (*Baker* v. *Brickell*, 87 Cal. 329 [25 Pac. 489, 1067]; *Dean* v. *Parker*, 88 Cal. 283 [26 Pac. 91]), and in this contention she was supported by the presumption that such was the effect of the deed (Civ. Code, sec. 164), in accordance with which the court in the absence of proof to the contrary was bound to find (*Gilmour* v. *North Pasadena etc. Co., supra; Pabst* v. *Shearer, supra; Estate of Jolly*, 196 Cal. 547 [238 Pac. 353]; Code Civ. Proc., sec. 1961). The burden of adducing evidence sufficient to overcome this presumption rested upon respondents (*Estate of Nickson*, 187 Cal. 603 [203 Pac. 106]). ■ While, as claimed by them, it was not essential in order to do this that an express agreement be shown, circumstantial evidence being sufficient (Code Civ. Proc., sec. 1961), the report of the sole appraiser that Regnart's interest was his separate estate was not competent or relevant evidence against appellant (*Malville* v. *Kappeler*, 4 Cal. Unrep. 843 [37 Pac. 934]; *Baum* v. *Reay*, 96 Cal. 462 [29 Pac. 117, 31 Pac. 561]; *Ainsworth* v. *Bank of California*, 119 Cal. 470, 477 [63 Am. St. Rep. 135, 39 L. R. A. 686, 51 Pac. 952]); and the record discloses no competent evidence, direct or indirect, reasonably supporting the conclusion that the interest conveyed to Regnart vested in him as his separate property.

The appellant being supported in her claim not only by the presumption mentioned but by all the competent evi-

dence in the case, the finding of the court to the contrary is unsupported and the portions of the order appealed from are accordingly reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 18, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 17, 1930.

All the Justices present concurred.