[Civ. No. 7373. First Appellate District, Division One.—June 26, 1930.]

In the Matter of the Estate of EDMUND L. FELLOWS, Deceased. LAURA E. FELLOWS, etc., Respondent, v. OTIS M. FELLOWS et al., Appellants.

J. M. Atkinson and F. H. Bloomingdale for Appellants.

S. G. Tompkins for Respondent.

WARD, J., *pro tem.*—This matter came on for hearing in the Superior Court of Santa Clara County, upon the petition of Laura E. Fellows, administratrix of the estate of Edmund L. Fellows, deceased, praying for a decree of the court distributing the entire estate to herself as surviving wife of the deceased, claiming that all of the said estate constituted community property. Upon the contest to said petition filed on the part of appellants, the claim was made that a substantial portion of the estate consisted of property owned by the deceased at the time of his marriage, and the rents, issues and profits thereof, thus con-

stituting separate estate, and that contestants were entitled to a distributive share thereof. The court concluded that the entire estate constituted community property of deceased and his surviving wife, Laura E. Fellows, and that she was entitled to have all of it distributed to her. A decree of distribution was entered accordingly and it is from this decree that the appeal is taken.

Mr. and Mrs. Fellows were married on the eleventh day of July, 1900. Fellows died July 7, 1927. At the time of his death he left estate of the value of over $400,000, as shown by the inventory. At the time of his marriage he owned certain livestock, tools, implements, cash in bank to the extent of $1311.84, a leasehold interest in certain orchards and ranches and a small acreage which he subsequently deeded to his wife, and which is not part of this estate. After marriage he came into possession by devise or succession from relatives of cash in four amounts, aggregating $1290.92.

In the absence of evidence to the contrary it must be assumed that the horses were lost by death and that the tools, implements, etc., were discarded at some period during the twenty-seven years of married life, as useless. Rough memoranda of various sales of stock, fruit, etc., were kept, but not one of the items comprising the $1290.92 can be traced to a bank or business venture involving either separate or community property. The cash on hand dwindled from $1311.84 to $799.51 some eight months after marriage. The leases expired shortly after marriage and subsequently were renewed, though Fellows continued in possession during the period between expiration and renewal. Appellants contend that the leases having been held by the deceased at the date of his marriage in July, 1900, constituted separate property at that time and that the income from the date of marriage to the dates of the execution of renewals was not community property and that all incomes from the operation of these various leases constituted separate estate at the time of his death. ■ It is a well-settled rule that property partly acquired through separate and partly through community funds continues to maintain such classification in proportion to the separate and community property invested. If the property is so commingled that it is impossible to determine one from

the other, the whole will be deemed to be community property (*Estate of Bauer*, 79 Cal. 301 [21 Pac. 759]). ■ The proportion of profits arising from the use of separate property and increased values that may accrue from the ability and activity of a spouse is a matter to be determined by the court, and whatever may be traced to the latter is community property. ■ .If it should appear that separate property has become mixed or confused with the product of the work of a spouse or with community interests of any kind, it is incumbent upon the party contending for the separate estate to clarify the history of the property and to demonstrate, not to an exactitude, but to that degree of proof that clearly and convincingly satisfies an unprejudiced mind, that the property is separate property (*Freese* v. *Hibernia Sav. & Loan Soc. et al.,* 139 Cal. 392 [73 Pac. 172]). The burden of proof is upon the claimant of the property as separate estate. ■ Applying these rules to the facts in this case our attention has not been called to any evidence that would warrant the trial judge in finding that the $1311.84 which deceased had in bank at the time of his marriage or the amounts which were received by devise or descent were used or invested by him in acquiring any of the property of which he died possessed, either directly or by mutation. It is not surprising after twenty-seven years that contestants were unable to trace these items, in view of the condition of the book accounts.

■ The lease interest on the orchard and ranches at the time of marriage was the separate property of the deceased. When these leases were renewed a new consideration was paid and unless there was evidence to indicate that the consideration came in whole or in part from the separate property, it was impossible for the court to. determine what separate estate existed. During the interval between the expiration and renewal of the leases the land was cultivated and the resultant product was in part due to nature and in part to the intelligent application of manual labor to the soil. In the *Estate of Pepper,* 158 Cal. 619 [31 L. R. A. (N. S.) 1092, 112 Pac. 62], cited by appellants, the deceased at the time of marriage owned a tract of land. In this case the deceased leased the land and the leases expired shortly after marriage. The renewal of the

lease is the creation of a new estate and not a mere perpetuation of an old one. In this case the new leases were created during coverture and, unless overcome by evidence to the contrary, are presumed to be community property. The court found, and we think properly, that as to any change or transmutation of the property "which he owned or possessed at the time of his death, the amount thereof cannot be ascertained or determined, and the same, if any, has been so mixed, mingled and confused with the community property as to wholly lose its identity both as to its character and amount."

Appellants contend that if this court should conclude "that the separate property of deceased has become so intermingled with community property that it cannot be definitely traced into the estate left by him at the time of his death, . . . in any event the separate estate should at least be apportioned the interest at lawful rate upon the value of property owned by deceased at the time of his marriage, as well as interest upon income therefrom during the continuance of the leases hereinbefore referred to, and representing capital investment by deceased in carrying on his business," and in support thereof called our attention to the case of *Pereira* v. *Pereira,* 156 Cal. 1 [134 Am. St. Rep. 137, 23 L. R. A. (N. S.) 880, 103 Pac. 488], in which it was held "where at the time of his marriage a husband has a definite amount of his separate property invested as capital in his business, which he afterwards continues to carry on at great profit, in determining what portion of such profit is community property, it must be presumed, in the absence of evidence to the contrary, that some of the profits were justly due to the capital invested and would constitute his separate property, and that the amount thereof would be equivalent to at least the usual interest on a long investment well secured." In the Pereira case the husband had a definite amount of his separate property invested as capital in the business. In this case there was an indefinite, undeterminable interest in a lease that expired and upon which deceased was continuing in possession until renewal could be obtained. What has been said herein answers appellants' criticism of the findings.

In the specifications of errors our attention has been called to certain rulings of the court upon admission of evidence. The witness Scott testified to the sale of an interest in certain leases, but he was not a competent witness to testify as to the value of said leases. The respondent was properly permitted to explain a seeming discrepancy in the accounts of the estate.

The decree appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.