[S. F. No. 15693. In Bank.—July 13, 1937.]

VERNON J. REEVE, as Administrator, etc., Appellant, v. MARY ANITA PHILLIPS, as Administratrix, etc., et al., Respondents.

Bohnett, Hill, Cottrell & Boccardo for Appellant.

Henry E. Monroe, Julia M. Easley, Edward M. Fellows and L. F. Hobbs for Respondents.

THE COURT.—This appeal is taken by Vernon J. Reeve, administrator of the estate of Cora E. Mitchell, from a judgment for the defendants in an action to quiet title of the estate to real property claimed to be a part thereof. John W. Mitchell was appointed executor of the last will and testament of his wife. On March 4, 1931, J. W. Mitchell executed an agreement to sell the property in dispute to McKee and Albertson. The agreement recited "This sale shall be consummated upon distribution of the above described property by the undersigned, J. W. Mitchell, in the Estate of Cora E. Mitchell, deceased, or upon an order of court confirming this sale to the undersigned purchasers." Decree of distribution was entered August 31, 1931, by which this parcel was distributed to John W. Mitchell. The children of Cora E. Mitchell by a former marriage appealed from the decree of distribution. Pending the appeal J. W. Mitchell died and Vernon J. Reeve, son of the former marriage, was appointed administrator of the estate of his mother. Mary Anita Phillips, daughter of John and Cora Mitchell, was

appointed executrix of the last will and testament of her father and is one of the defendants here. Additional facts appear in the opinion in the appeal from the decree on distribution, *Estate of Mitchell,* S. F. No. 15643█ [70 Pac. (2d) 605], this day filed.

The land in dispute called "Rock Ranch" was a part of the estate of O. J. Reeve and was distributed to his son Vernon J. Reeve. In 1919 Vernon J. Reeve conveyed it to his mother and stepfather in exchange for property known as the "Tracy property" and $1,000. The Mitchells acquired the Tracy property in 1916 by deed to "J. W. Mitchell and Cora E. Mitchell, his wife". The appellant seeks to quiet title to the whole parcel on the ground that it was separate property of his mother, the Tracy property having been purchased with her separate funds, which had come to her through the estate of her former husband. The respondents contend that an undivided half of the parcel was community property which passed to J. W. Mitchell upon his wife's death and that the other half he acquired by distribution under his wife's will. The defendants McKee and Albertson concede they took with notice of the administration proceedings as to the half which came to J. W. Mitchell through his wife's estate but that, as to the other half interest, if any resulting trust arose by reason of the investment of the private funds of Cora E. Mitchell, they are *bona fide* purchasers for value.

The trial court found the legal title of the described realty was conveyed to Cora E. Mitchell and J. W. Mitchell as tenants in common; that all interest therein was distributed to J. W. Mitchell by the decree of distribution in the estate of Cora E. Mitchell entered August 31, 1931; that the decree had become final; that the defendants McKee and Albertson were purchasers for value without notice of any claim that John W. Mitchell held title to an undivided half interest in the realty as trustee for Cora E. Mitchell and without notice of any claim of the plaintiff to the property; that Mitchell conveyed to them by deed dated September 19, 1931; that the McKees and Albertsons went into actual possession at that time and have ever since been in the actual occupancy of the described premises; that the trust deeds securing the

notes given by the McKees and Albertsons as part of the consideration for the conveyances are valid and subsisting liens on the property. With regard to the nature of the respective interests of J. W. and Cora Mitchell the court found that J. W. Mitchell was the owner of an undivided half interest under the deed of April 14, 1919, which undivided half interest never was a part of the estate of Cora E. Mitchell and that by the decree of distribution he acquired the entire fee title. The court further found the deed to Cora E. Mitchell and her husband as tenants in common was recorded May 19, 1929; that inasmuch as she had never brought action in her lifetime to quiet title or impress Mitchell's interest with a trust in her favor, the plaintiff's demand was stale and barred by laches and that the cause of action was also barred by the statute of limitations.

The plaintiff rests his claim that the property should be returned to his mother's estate for further administration upon the deeds to the Tracy property and the property in dispute to her and her husband as tenants in common, evidence as to the source of the funds used in the purchase of the Tracy property and as an admission against interest, the inclusion of the disputed property in the inventory of the assets of the estate by J. W. Mitchell, while he was executor thereof.

The defendants rely upon the deeds to the Mitchells as tenants in common, the presumptions arising therefrom, evidence to controvert that offered by the plaintiff, the decree of distribution and the conveyance from John W. Mitchell to them. ■ The presumption arising from the form of the conveyances in question is that of tenancy in common, it being presumed that the interest of the wife is separate property while that of the husband is community. (*Trimble* v. *Trimble,* 219 Cal. 340 [26 Pac. (2d) 477] ; *Dunn* v. *Mullan,* 211 Cal. 583 [296 Pac. 604, 77 A. L. R. 1015] ; *Estate of Regnart,* 102 Cal. App. 643 [283 Pac. 860].)

■ No evidence is offered to rebut the presumption that the interest of Cora E. Mitchell as a tenant in common was her separate property. The trial court found that this undivided one-half interest of the parcel in dispute was acquired by J. W. Mitchell through the decree of distribution but erroneously found the decree had become final. At the time of the rendition of the decree in this case an appeal

from the decree of distribution was pending in this court. Whether this interest will finally be distributed to the estate of John W. Mitchell is a matter of great uncertainty. Any title acquired to his wife's separate half interest under her will must come through the residuary clause. One of the main points of the appeal in the estate proceeding is that the probate court erred in holding certain legacies to be adeemed. If the legacies are finally determined to be payable the existence of the residue in the estate becomes a subject of considerable doubt. It is not contended the defendants are *bona fide* purchasers as to this undivided half interest. The agreement of purchase recites the contingencies of the consummation of the purchase upon distribution or order of confirmation. As to this half interest it is therefore obvious that the decree in favor of the defendants McKee and Albertson must be reversed.

With regard to the interest standing in the name of John W. Mitchell, the court made no finding on the question whether the evidence offered by the plaintiff was sufficient to overcome the presumption of its community character and impress it with a trust in his wife's favor. However, it is found that the defendants Albertson and McKee took without notice of such a claim. There is no suggestion of notice other than through recordation of the title and the pendency of the administration proceedings. Neither could give notice of the claim of a resulting trust arising from the nature of the funds invested in the property. (Civ. Code, sec. 856; *Kowalsky* v. *Kimberlin,* 173 Cal. 506 [160 Pac. 673].) The presumption arising from the recorded deeds was that Mitchell's interest was community property. As such it would vest in him absolutely upon the death of his wife without the necessity of administration, it having been acquired prior to the amendment of section 1401 of the Civil Code in 1923. (*McKay* v. *Lauriston,* 204 Cal. 557 [269 Pac. 519].) As to this undivided one-half the McKee and Albertson defendants are entitled to have their title quieted.

In the absence of a finding as to the character of the funds invested the question of impressing a trust upon the proceeds of the sale which are capable of being traced into the estate of J. W. Mitchell is not passed upon. However, in view of the necessity for further proceedings in the trial court we deem it proper to say that the findings of laches

and the barring of the plaintiff's cause of action by operation of the statute of limitations are not supported by the record. The only basis on which the trial court found the plaintiff to be guilty of laches was the fact that Cora E. Mitchell had brought no action in her lifetime for the enforcement of the claimed trust. Any repudiation of the trust, if it existed, did not take place until after death when the conveyance was made to the McKees and Albertsons. Until that time, so far as the plaintiff's knowledge appears from the record, J. W. Mitchell was holding title in execution of his trust. Nor, so far as the record discloses, was there any indication during the life of the trustee that he considered the property other than as an asset of Cora E. Mitchell's estate. J. W. Mitchell died on December 14, 1932. The complaint in this action was filed December 21, 1933. (*Title Ins. & Trust Co.* v. *Ingersoll,* 158 Cal. 474 [111 Pac. 360]; *Arnold* v. *Loomis,* 170 Cal. 95 [148 Pac. 518].) No other points require discussion.

The decree in favor of the Albertson and McKee defendants is affirmed as to an undivided one-half interest in the property described. As to the remaining half interest the decree is reversed and the cause remanded to the trial court for further proceedings in accordance with the views herein expressed and the final determination in the proceedings for distribution of the estate of Cora E. Mitchell, deceased.