[S. F. No. 15788. In Bank.—July 13, 1937.]

VERNON J. REEVE, as Administrator, etc., Respondent, v. ZOA K. JAHN et al., Appellants.

246

[REDACTED]

L. F. Hobbs for Appellants.

Bohnett, Mill, Cottrell & Boccardo for Respondent.

THE COURT.—This case is similar to *Reeve* v. *Phillips*, S. F. No. 15693 (*ante*, p. 239 [70 Pac. (2d) 607]), and also arose in connection with the administration of the *Estate of Mitchell*, S. F. No. 15643▮ [70 Pac. (2d) 605]. Here, also, Vernon J. Reeve, as administrator of the estate of his mother, seeks to quiet title to real property which he claims constitutes part of her estate. The appeal is taken by several defendants, principally the Jahns and Mary Anita Phillips, as executrix of the estate of J. W. Mitchell, deceased, and legatee under his will, from a judgment in favor of the plaintiff, from an order denying a motion to declare the judgment void and from an order denying relief under section 473 of the Code of Civil Procedure.

The property which is the subject of this action is one of four parcels which the will of Cora E. Mitchell devised to John W. Mitchell for life with remainder to children by a former marriage to O. J. Reeve. It was deeded to Cora E. Reeve in 1881. O. J. Reeve died in 1901 and Cora married J. W. Mitchell in 1905. On January 13, 1923, she conveyed it by a deed in which J. W. Mitchell joined to Ludwig Athenien, who gave them a trust deed as security for $600 as part of the purchase price. On November 17, 1926, Ludwig Athenien reconveyed the property to John W. Mitchell. A. G. Jahn and Zoa, his wife, claim under an agreement of purchase executed by Jahn and J. W. Mitchell on March 16, 1928, which he claims was a memorandum and confirmation

of an agreement really entered into in 1926, at which time he went into possession of the realty. He also claims to have paid the full purchase price recited ($2,500) except for $474. He claims to have been present at the giving of the Athenien deed in 1926 and testifies that no money or other consideration was given for the deed other than the cancellation of the $600 purchase price trust deed. The property in dispute was distributed to John W. Mitchell in fee by the decree of distribution in the estate of Cora E. Mitchell.

The trial court found that Cora E. Mitchell was in her lifetime and at the time of her death the owner of the described realty, that it was part of her estate and that the plaintiff as executor of her estate was entitled to possession thereof. After tracing the chain of title set out above, the court found that the entire consideration given for the Athenien deed to Mitchell in 1926 was the separate property of Cora, that the real property described was at all times her separate property and that Mitchell at all times held the legal title to the realty as trustee for her; that Mitchell did not receive the legal title as trustee for the Jahns, as claimed; that none of the defendants had any interest therein and that none of the allegations set out in the separate defenses were true except as in conformity with the specific findings. The judgment quieted title in the heirs, devisees and legatees of Cora E. Mitchell, deceased.

The appellants contend that the evidence does not justify the finding of a resulting trust in favor of Cora E. Mitchell arising from the taking of title of her separate property in the name of J. W. Mitchell; that it was error to find the property was a part of the estate of Cora E. Mitchell in view of the putting into evidence of the decree of distribution in her estate by which it was distributed to J. W. Mitchell in fee; that the Jahns were *bona fide* purchasers for value without notice of the claim of trust; that it was error to find against the defendants' allegations of laches and the running of the statute of limitations and, finally, that the court erred in making the orders denying motions for new trial (on statutory grounds), for a declaration that the judgment was void by reason of the disqualification of the trial judge and for relief under section 473 of the Code of Civil Procedure.

Considering first the testimony as to the character of the property, it amply warrants the conclusion of the

trial court that the sole consideration for the conveyance to J. W. Mitchell from Athenien was separate property of Cora E. Mitchell, that he took title as her trustee and held it in that capacity until his death in December, 1932. It is not disputed that the property was originally separate property of Cora E. Mitchell. There is no presumption of a gift by her to the community from the mere form of the deeds (*Title Ins. & Tr. Co.* v. *Ingersoll,* 153 Cal. 1 [94 Pac. 94]; *Shaw* v. *Bernal,* 163 Cal. 262 [124 Pac. 1012]; *Zeller* v. *Knapp,* 135 Cal. App. 122 [26 Pac. (2d) 704]) and no direct evidence of any gift or pooling of her resources with either the community or the separate property of J. W. Mitchell, unless by affidavit in connection with the motion for new trial which will be discussed later. The specific source of the particular property in question being undisputed, evidence as to the respective resources of the spouses is beside the point.

Any claim that J. W. Mitchell acquired the property in dispute through the decree of distribution in his wife's estate is adequately disposed of by the discussion in *Estate of Mitchell,* S. F. 15643, *supra,* and *Reeve* v. *Phillips, supra,* this day filed, as is also the contention of the appellants with respect to laches and the statute of limitations.

■ It is also urged that title vested in Mitchell by specific devise in his wife's will and that therefore the executor of her estate cannot quiet title as against his successors. This contention fails for the reason that the devise to Mitchell was of a life estate only with remainder to the children of Cora E. Mitchell by a former marriage. Mitchell is dead and administration of Cora E. Mitchell's estate is not complete. Therefore the trial court properly found the fee to be in the heirs and legatees of Cora E. Mitchell with the right of possession and control for purposes of administration in her administrator.

■ A. G. Jahn and Zoa Jahn claim to be *bona fide* purchasers for value under a contract of purchase without notice of the claim of trust. It is contended that the contract of purchase was entered into in 1926 but was not reduced to writing till March 16, 1928. The document recited an agreed price of $2,500 "as per previous agreement with Louis Athenien, the then legal owner of said property", payments to be made from the earnings of the gravel pit. Receipt

of certain sums was acknowledged by J. W. Mitchell. Jahn testified that he and his wife moved onto the property in 1926 and had occupied it ever since; that he was present at the delivery of the deed from Athenien and knew all the circumstances of the transaction and that no other consideration was given by Mitchell than the cancellation of the $600 purchase price deed of trust; that he paid no consideration to Mitchell other than the portion of the proceeds of the gravel as agreed upon but he also said he had paid all but $474 of the agreed price. It does not appear that he paid taxes. The trial court found these defendants had no interest in the property. No reason appears why the contract of sale is not binding. Nor is there anything in the record other than the chain of title which would charge Jahn with notice of the claim of trust at the time it was entered into, if the agreement with him was such a breach of duty. The agreement was reduced to writing in March, 1928. Jahn went into possession in 1926. The Athenien note and deed of trust were taken in the names of both Cora and John Mitchell and the Athenien deed was taken in John Mitchell's name alone in 1926. Cora E. Mitchell died in December, 1928. The most that Jahn can be charged with is the knowledge that the Athenien deed (to John Mitchell) was a conveyance of property which was originally separate property of his wife, that it was ,taken in payment of an obligation evidenced by a note and trust deed running to both husband and wife. It is not to be presumed that this was done without the consent of Cora E. Mitchell. In fact, there is testimony in the record that Mrs. Mitchell knew of and acquiesced in the transaction with Jahn, in which case there was no violation of trust or unauthorized dealing with the property on the part of J. W. Mitchell in making this arrangement. The trial court was therefore in error in concluding that Jahn had no interest in the property if such conclusion was based on an implied finding of notice of the separate character of the property. He has whatever interest is derived from his contract of sale, the present status of which does not appear. The proceeds of the transaction are, in accordance with the finding of the trial court, subject to administration in the estate of Cora E. Mitchell and such as can be traced into the estate of J. W. Mitchell can be recovered.

■ The notice of intention to move for a new trial was filed June 14, 1934. The findings were signed and filed June 15, 1934. The proceedings for new trial were premature and ineffectual and need not be considered. (*Root* v. *Daugherty,* 201 Cal. 12 [255 Pac. 181].) The motion for relief under section 473 of the Code of Civil Procedure was grounded upon contentions already considered in this and the two allied appeals (S. F. No. 15643 and S. F. No. 15693) and no error was made in denying the motion.

■ The motion to declare the judgment void on the ground of disqualification of Judge Syer, who tried the case below, was based on subdivision (4) of section 170 of the Code of Civil Procedure, declaring a judge disqualified who has acted as counsel for any party in a previous action or proceeding involving any of the same issues. In 1903 Judge Syer acted as attorney and guardian *ad litem* for the minor Reeve children in partition proceedings wherein their mother, Cora Reeve (Cora E. Mitchell) was plaintiff, after the death of O. J. Reeve, their father. It is undisputed that the property here in question was not in issue in the partition action. Appellants insist that, having advised the minor children as to their rights in the estate of their father, Judge Syer is unavoidably prejudiced in their favor in this action. However, the motion was not made on the ground of bias and no investigation of that question was asked prior to the suggestion that this court should rule thereon. The issues in the partition suit are not shown to be in any way the same as the issues involved in the present action and the motion was properly denied.

The judgment is reversed as to the defendants A. G. and Zoa Jahn and in all other respects affirmed. The orders denying the motions for a new trial, for relief under section 473 of the Code of Civil Procedure and for a declaration that the judgment is void on the ground of disqualification of the trial judge are affirmed.