[S. F. No. 4947. Department One.—November 13, 1908.]

In the Matter of the Estate of FRANK C. VOGT, Deceased. THERESA VOGT, Appellant, CHARLES J. VOGT et. al., Respondents.

WILL—PRESUMPTIONS AS TO DISPOSITION OF COMMUNITY PROPERTY.— A testator is presumed to have known when he made his will, that by the law he had no power to dispose by will of his wife's interest in the community property, and that, without her consent, he could dispose of only one half of the community property by the will. It is also presumed, unless the contrary appears from the terms of the will, that he did not intend to devise or bequeath that interest in the community property which he did not have power thus to dispose of.

ID.—NECESSITY OF ELECTION BY WIDOW.—The foregoing rules necessarily imply the qualification that where the intention to dispose of the whole of the community property, and not of a moiety thereof only, is clearly shown by the terms of the will, and the disposition so made is such that the widow cannot take the moiety given her by law without, to that extent, defeating the plain intent of the testator, she will be required to choose between the provisions of the law and those of the will, and may take either, but not both.

ID.—INTENTION OF TESTATOR—RULES OF INTERPRETATION.—The intention of the testator with respect to the disposal of community property is to be determined by the rules which apply generally to the interpretation of wills, a proper effect being given to the foregoing presumptions. A word, or phrase occurring more than once therein is presumed always to be used in the same sense, unless the context shows a different meaning, and the meaning of an ambiguous part may be explained by a reference thereto, or a recital thereof in another part of the will.

ID.—DECREE OF DISTRIBUTION—APPEAL BY WIDOW—PRESUMPTION AS TO ELECTION.—Where a will puts the widow to an election, and a decree of distribution is entered accordingly, on an appeal therefrom by her, in the absence of any express showing in the record that she chose to take against the will, or whether she made any election or not, it will be presumed that she chose, when required to elect, to take under the will.

ID.—WILL NECESSITATING ELECTION.—The testator, by his will, after devising a specific piece of real property, which was his separate estate, to his wife, provided that "the rest and residue of my estate, real, personal or mixed, wheresoever situated, I give, devise and bequeath the whole thereof to my said wife" and to his four named children, "that is to say, an undivided one-fifth share thereof to my said wife, and an undivided one-fifth share thereof to each of

my said children." The will further declared that "all of my estate is my separate property, except a portion thereof equal to a value of eight thousand dollars, that it to say, only eight thousand dollars of my estate is community property." The will also gave the executors power to sell and dispose of all or any part of "my estate." The value of the entire estate was $11,460.03. The value of the lot devised to the widow was $2,350, and the residue, after paying the debts and expenses of administration, amounted to $8,109.25. *Held,* that the widow was put to her election to take either under the will, or her share in the community property.

APPEAL from a decree of the Superior Court of Alameda County making final distribution of the estate of a deceased person. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

A. Morgenthal, for Appellant.

A. F. St. Sure, Charles C. Boynton, Mrs. E. Foley, *in pro. per.,* and D. W. Martin, *in pro per.,* for Respondents.

SHAW, J.—This is an appeal by Theresa Vogt, widow of Frank C. Vogt, deceased, from an order making final distribution of the property of the estate of said decedent.

The sole question for decision is whether, under the terms of the will of the deceased, the widow was entitled to take the one half of the community property which devolved upon her by law, and, in addition thereto, her interest in the other moiety thereof, and in the separate property, as given to her by the will, or whether she was put to an election between the provisions of the will and of the law in respect to such property. The court below held that she was required to elect, and distributed to her only the property given to her by the will.

The testator is presumed to have known when he made his will, that by the law he had no power to dispose by will, of his wife's interest in the community property, an interest existing only in expectancy at the time, and that, without her consent he could dispose of only one half of the community property by the will. It is also presumed, unless the contrary appears from the terms of the will, that he did not intend to devise or bequeath that interest in the community property

which he did not have power thus to dispose of. (*Estate of Gilmore,* 81 Cal. 242, [22 Pac. 656]; *King v. Lagrange,* 50 Cal. 331; *Estate of Silvey,* 42 Cal. 212.) "A purpose to attempt the disposition, by will, of property which by statute would pass to the wife, as survivor of the matrimonial community upon his death, is not to be readily inferred, especially where the words employed by the testator may have their fair and natural import by applying them to that moiety of which he had, by law, the testamentary disposition." (*Estate of Silvey,* 42 Cal. 212.) "It is only where there is such a clear manifestation of intent to devise the whole community property as to overcome these presumptions that the wife can be put to her election either to take under the will or to take what she is entitled to by law." (*Estate of Gilmore,* 81 Cal. 242, [22 Pac. 656].)

These rules necessarily imply the qualification that where the intention to dispose of the whole of the community property, and not of a moiety thereof only, is clearly shown by the terms of the will, and the disposition so made is such that the widow cannot take the moiety given her by law without, to that extent, defeating the plain intent of the testator, she will be required to choose between the provisions of the law and those of the will and may take either, but not both. The intention of the testator to dispose of the entire community estate, if clearly appearing from the will, must prevail over all these presumptions. (*Estate of Smith,* 108 Cal. 119, [40 Pac. 1037].) Upon applying these principles to the will in question, we think it clearly appears that the widow was under the necessity of choosing between the inconsistent provisions of the will and the law.

The parts of the will pertinent to the question are as follows:—

"Firstly, I give, devise and bequeath to my wife, Theresa Vogt, the following described real property" (describing a lot in the city of Alameda).

"Secondly. The rest and residue of my estate, real, personal or mixed, wheresoever situated, I give, devise and bequeath the whole thereof to my said wife, Theresa Vogt, and to my children, Frederick August Vogt, Charles John Vogt, Henry Frank Vogt and Emilie Marie Schmitt, wife of Frederick Schmitt, that is to say, an undivided one fifth (1-5th)

share thereof to my said wife, and an undivided one-fifth (1-5th) share thereof to each of my said children,

"Thirdly.   I hereby declare that all of my estate is my separate property, except a portion thereof equal to a value of eight thousand dollars, that is to say, only eight thousand dollars of my estate is community property."

The fourth and fifth clauses named the executors and gave them power to sell and dispose of all or any part of "my estate."   There were no other dispositions of property.   The deceased was sixty-nine years old at the time he made the will, April 17, 1903, and he died on April 5, 1905.   The widow was a second wife by whom he had no children, those named in the will being children of his first marriage.   The value of the entire estate was $11,460.03.   The value of the lot devised to the widow was $2,350.   The residue, after paying the debts and expenses of administration, amounted to $8,109.25.   The lot aforesaid had been occupied by the testator during his lifetime as a home, and it is admitted by appellant that it was his separate property, a fact which does not appear from the record, except by inference.   The expense of administration was $712.82.

The language of the will clearly shows that the testator believed that he was thereby disposing of his entire estate including both his separate estate and the whole of the community property.   The intention of the testator in this respect is to be determined by the rules which apply generally to the interpretation of wills, a proper effect being given, of course, to the presumptions aforesaid.   A word, or phrase, occurring more than once therein, is presumed always to be used in the same sense, unless the context shows a different meaning. (*LeBreton* v. *Cook,* 107 Cal. 417, [40 Pac. 552].)   The meaning of an ambiguous part "may be explained by any reference thereto, or recital thereof, in another part of the will."   (Civ. Code, sec. 1323.)   The testator is presumed to have known that his absolute testamentary power extended only to an undivided one half of the community property.   With this knowledge, he was careful, when he came to dispose of the property other than the homestead, to describe it as "the rest and residue of *my estate, real, personal or mixed,* wheresoever situated," and to say that he gave "the *whole thereof*" to his wife and the four children, in equal parts, one fifth to each.

This, alone, indicates his intention to give the whole of the community property in that manner, and to that extent it is inconsistent with a design to affect or dispose of only a one half thereof. Next, he shows what was in his mind by declaring, "all of *my estate is my separate property*, except a portion thereof equal to a value of eight thousand dollars," and then, to make it more certain by a different form of expression, he reiterates the fact by saying: "only eight thousand dollars of *my estate* is community property." If he had been referring to only one half of the community estate it would not have been true that it would have equaled eight thousand dollars in value. He thus makes it clear that in this part of the will the phrase "my estate" was used to describe and include both moieties of the community property. It would be presumed to have been used for the same purpose in the second clause where he disposes of the residue of "my estate," unless the contrary was indicated. But he puts this beyond doubt by the express statement, as to this residue, that he there disposes of "the *whole thereof*," thus excluding the idea that he was dealing with one half only, or with any undivided portion. Manifestly to his mind, as it appears from the will, *his estate* embraced both his separate property and the entire interest in the community property, and the will must be deemed to have disposed of it accordingly.

She was not compelled to accept this provision. She might have repudiated the will entirely and could then have insisted upon the share of the estate which the law allowed her. The court rightly held, however, that she was put to her election. It does not appear that she chose to take under the law. The distribution was made in accordance with the will, as we have interpreted it. All presumptions are in favor of the action of the court below. No objection is made that the court disregarded her choice, and we therefore presume that when required to elect, she chose the provisions of the will, although the record does not expressly disclose whether she made any election or not.

The order of distribution is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.