[Civ. No. 16059. Second Dist., Div. One. Nov. 21, 1947.]

Estate of HENRY K. EMERSON, Deceased. KRIKOR DOUKMEDJIAN et al., Respondents, v. LURA BROWN EMERSON, Appellant.

Henry O. Wackerbarth for Appellant.

Astor Elmassian for Respondents.

WHITE, J.—This is an appeal by Lura Brown Emerson, widow of Henry K. Emerson, deceased, from that portion of an order dated January 23, 1947, wherein the trial court ordered the findings and order made on distribution of the estate amended so as to require appellant widow to elect to take her share of her community property or under the will.

Appellant widow and Henry O. Wackerbarth were appointed and qualified as executrix and executor, respectively, of the decedent's last will and testament. The estate was administered upon, and on December 18, 1945, a final account, report and petition for distribution was filed. In said petition, decedent's widow contended that the whole of said estate was community property of herself and the decedent, and prayed that the court determine her community interest in the estate; that said interest be set aside to her; that the balance of the estate be distributed in accordance with the last will and testament of the decedent, and certain assignments which had been executed by two of the beneficiaries under the will.

To said final account and petition for distribution, objections were filed by the two respondents herein, denying that the whole of said estate was community property.

On the hearing of said final account, petition for distribution and objections thereto, the court found that certain assets of the estate were the separate property of the decedent, and that the balance of the assets was the community property of appellant widow and the decedent. Appropriate findings of fact were thereupon made and it was ordered that one-half of all the community property be distributed to the widow as her separate property and estate, and that the remaining one-half of the community property together with the separate property of the decedent be distributed to the widow during her natural lifetime, or so long as she remained the widow of the testator, and that upon her death or remarriage said estate should be distributed, transferred and conveyed, two-thirds to the heirs of Henry K. Emerson, Jr., and one-third to respondents herein, share and share alike.

Thereafter, respondents filed a notice of intention to move for a new trial. On the hearing thereof, respondents stated that the only matter in dispute was as to whether the widow "is entitled to take a life estate under the will of the deceased, in addition to her community interest under the law." It was respondents' contention in the trial court, as it is here,

that appellant widow was put to an election to take either her community interest under the law or to take under the terms of the will.

Following the hearing on the motion for a new trial the court, pursuant to the provisions of section 662 of the Code of Civil Procedure, made the following order: "The motion for a new trial is denied. The findings and order are to be amended to provide:

"That it clearly appears that the testator intended to dispose of his wife's as well as his own interest in the community property.

"The court having so found and having further found what portion of the estate is community property the widow must now elect to take her community property or under the will."

It is from this order that decedent's widow prosecutes this appeal.

The parts of the will pertinent to the sole question presented to us for decision are as follows:

"*Third:* I give, devise and bequeath to my said wife, Lura Brown Emerson, an undivided one-half (½) interest in and to all of my property and estate, whether real, personal or mixed, and wheresoever situated, during her natural lifetime, providing she remains my widow, she to have the full and free use and benefit of the rents, issues, profits and income thereof, as herein provided, and upon her death, or remarriage, all of said property and estate shall pass, and I hereby give, devise and bequeath the same, to my said son, Henry K. Emerson, Jr., to be his own sole and separate property and estate.

"*Fourth:* I give, devise and bequeath the remaining one-half (½) of all of my property and estate, whether real, personal or mixed, and wheresoever situated, to my said son, Henry K. Emerson, Jr., to be his own sole and separate property and estate.

"*Fifth:* In the event of the death of my said son, Henry K. Emerson, Jr., prior to the termination of the life estate, or the interest of my said wife, Lura Brown Emerson, in and to said undivided one-half (½) interest of my estate, then, and in that event, I give, devise and bequeath all of my property and estate, whether real, personal or mixed, and wheresoever situated, to my said wife, Lura Brown Emerson, during her natural lifetime, providing she remains my widow, she to have the full and free use and benefit of it during said time,

and upon her death, or at such time as she ceases to remain my widow, I give, devise and bequeath the whole of said estate and property, to the following named persons and institutions, to-wit:

"(a) An undivided one-third (⅓) thereof, to my brother, Jacob Daukmajian, of Aleppo, Syria, and in the event of his death prior to the contingency provided for in the foregoing part of this paragraph, said undivided one-third (⅓) interest shall go to his children, share and share alike; . . . ."

In determining whether the testator intended to dispose of his wife's as well as his own interest in the community property and that his widow was thereby put to her election, the controlling question is the intention of the testator, as manifested by the language of his will.

From a reading of the testamentary documents here in question, we are satisfied that the language thereof clearly indicates that the testator believed that by the provisions of his will he was disposing of the entire estate, including both his separate estate as well as that against which any right might be asserted on behalf of the marital community. We are in accord with appellant's contention that the testator is presumed to have known that his absolute testamentary power extended only to an undivided one-half of the community property. Fortified with this presumed knowledge, he bequeathed in paragraph two, the definite amount of $100 to Harvey Hall, son of appellant widow by a former marriage. He then devised and bequeathed to his wife an undivided one-half interest in and to "all of my property and estate, whether real, personal or mixed, and wheresoever situated, during her natural lifetime, providing she remains my widow." The testator then provided that in the event of the death or remarriage of his widow "all of said property and estate shall pass . . . to my said son Henry K. Emerson, Jr." as his sole and separate property.

By paragraph four the testator bequeathed and devised the remaining one-half "of all my property and estate" to his aforesaid son. The intention of the testator to dispose of his entire estate, both separate and community, is manifested by the provisions of paragraph five of the will, wherein he provided that in the event of the death of his son, prior to the termination of the life estate or interest of his wife, the latter was given a life estate in the whole estate and the income

thereof. Further evidencing what was in the mind of the testator is the declaration contained in the will that "I further declare that all of the property, real and personal, of which I am now possessed, is separate property, said property, or the nucleus thereof, having been owned or acquired by me prior to my marriage to the said Lura Brown Emerson." He thereby makes it clear that in using the term "all of my property and estate" with reference to the interest in one-half thereof which he gave to his wife and the remaining one-half interest which he bequeathed to his son, he was excluding the idea that he was dealing with any undivided portion of the property in question and did not intend to dispose of any portion of the property in which his wife had a community interest. Throughout the testamentary document now before us the language clearly evidences a belief on the part of the testator that "all of the property" of which he made disposition was property that he could devise as he pleased and without embarrassment by any claim which his widow might rightfully assert.

It is of no concern that he was mistaken in his belief that the wife had no community interest in the property devised. His manifest intention to devise the estate as an entirety, and irrespective of any right which might be asserted on behalf of the marital community, is the controlling factor. "It is the testator's *intention*, and not the ground upon which that intention rests, that must control in the interpretation of his will. A mistaken belief on the part of a testator that he has the unrestricted power to dispose of the property absolutely is immaterial." (*Estate of Moore,* 62 Cal.App. 265, 274 [216 P. 981].) The testator's intention that the estate in its entirety, and not merely his community interest therein, should be disposed of by his will was sufficient to put his widow to her election. We are satisfied that the principles enunciated in *Estate of Vogt,* 154 Cal. 508 [98 P. 265], and *Estate of Moore, supra,* are determinative of the issues tendered by this appeal.

For the foregoing reasons, that portion of the order of January 23, 1947, from which this appeal was taken, is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1948.