[Civ. No. 14085. First Dist., Div. Two. Oct. 20, 1949.]

Estate of WILLIAM HENRY KLINGENBERG, Deceased. LOUISE KLINGENBERG, Appellant, v. RUTH JOHN-SON, as Executrix, etc., Respondent.

Jay Pfotenhauer and W. Byron Bryant for Appellant.

Henry B. Lister as Amicus Curiae on behalf of Appellant.

Cosgrove, Molinari & Tinney and Lloyd J. Cosgrove for Respondent.

RUNNELLS, J. pro tem.—This is an appeal by Louise Klingenberg, widow of William Henry Klingenberg, deceased, from a decree of settlement of the first and final account and of distribution.

William Henry Klingenberg died August 17, 1946, and left surviving him his wife, Louise Klingenberg, a daughter, Ruth Johnson, and a son, William Klingenberg. His will was dated October 22, 1945, and admitted to probate on September 13, 1946. In accordance with the provisions of the will Ruth Johnson, daughter, was appointed executrix. The estate consisted of real and personal property, and the appraised value thereof was $76,667.74. As a result of her petition for family allowance, the widow was paid by order of court during the administration of the estate the sum of $150 per month which totaled $3,000. The will so far as its terms are material here provides as follows:

"FIFTH: I hereby give, devise and bequeath all of my property of every kind and character, real, person(al) and mixed wherever situate and however held in which I have any power of testamentary disposition at the time of my death to my daughter, RUTH JOHNSON, in trust, however for the following uses and purposes:"

"(C) The trustee shall pay the sum of $100.00 per month out of the net income of the trust estate to my beloved wife, LOUISE KLINGENBERG, for and during her natural life.

"(D) The trustee shall pay the sum of $100.00 per month out of the net income of the trust estate to my beloved daughter, RUTH JOHNSON, and the further sum of $100.00 per month out of the net income of my trust estate to my beloved son, WILLIAM KLINGENBERG, during the continuance of this trust."

"(F) If in the absolute and controlled discretion of said trustee the net income from the trust estate should not be sufficient to provide the sum of $100.00 per month to my said wife for and during the term of her natural life said trustee is hereby authorized and empowered as often as it shall be necessary to apply or expend for the use and benefit of my said wife such portions of the principal of the trust estate as said trustee may determine to be necessary to provide said

payments of $100.00 per month to my said wife for and during the term of her natural life.''

"SIXTH: I give and bequeath to my daughter, RUTH JOHNSON, all of my personal effects such as jewelry, clothing, books and tools.

"SEVENTH: The provisions herein made for and the property herein given to my wife, LOUISE KLINGENBERG, are and shall be taken by her in lieu of all her rights, claims and estates given to her by law in our community property, if any there be and in my separate estate as my surviving widow and my wife shall and must elect as a condition precedent whether she shall take the property and benefits given to her under this Will or all laws in her favor. If she elects to take under the laws in her favor she shall in no event participate or share in my estate under this Will and all gifts, devises, bequests and beneficial interests given to her herein shall thereupon be revoked and become null and void and the interest herein bequeathed to her shall go to the other persons in this Will in the same proportion, shares and manner in which they participate in my estate under the terms hereof.''

The inventory does not disclose that there were any personal effects as mentioned in paragraph ''Sixth'' of the will. It may be noted too that there is no allegation or statement in the inventory, petition for settlement of the first and final account and for final distribution or report of executrix accompanying first and final account, or in the testimony given at the hearing on petition for settlement of account and distribution as to whether the property of the estate was separate or community, or that the widow did not demand her interest in the property of the executrix or that she made an election to take under the will. The court, however, in its decree found ''that the estate of the above named decedent consists of community property of said decedent and his surviving spouse, LOUISE KLINGENBERG, and that the said surviving spouse, LOUISE KLINGENBERG, has not demanded of the Executrix her interest in the community property but elects to take under the provision of the Will heretofore admitted to probate.''

Distribution was ordered in accordance with the trust provisions of the will.

Three points are raised on this appeal which for convenience will be considered in the following order:

(1) Was the widow put to an election to take her share of her community property or under the will;

(2) Since no demand was made by the widow for her community half, did she thereby elect to take under the will, or, in other words, was the trial court justified in making such a finding in its decree.

(3) Did the acceptance of a family allowance by the widow constitute an election by her to take against the will.

(1) Probate Code, section 201, provides: ''Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of sections 202 and 203 of this code.''

In the construction of the will, it will be presumed the deceased knew as a matter of law that he had no power to dispose of his wife's interest in the community property; it will also be presumed that he knew he could only dispose of one-half of the community without his wife's consent; and further it will be presumed he knew, unless the contrary appears from the terms of the will, that he did not intend to devise or bequeath that interest in the community property over which he did not have power to dispose. (*Estate of Vogt,* 154 Cal. 508, 509 [98 P. 265].) It is true that the widow can only be put to her election either to take under the will or under the statute by a clear manifestation of intent on the part of the testator to devise the whole community property as to overcome the aforesaid presumptions. (*Estate of Vogt, supra,* and cases therein cited.)

The court then says in *Estate of Vogt, supra,* at page 510:

''These rules necessarily imply the qualification that where the intention to dispose of the whole of the community property, and not of a moiety thereof only, is clearly shown by the terms of the will, and the disposition so made is such that the widow cannot take the moiety given her by law without, to that extent, defeating the plain intent of the testator, she will be required to choose between the provisions of the law and those of the will and may take either, but not both. The intention of the testator to dispose of the entire community estate, if clearly appearing from the will, must prevail over all these presumptions. (*Estate of Smith,* 108 Cal. [115] 119, [40 P. 1037].) Upon applying these principles to the will in question, we think it clearly appears that the widow was under the necessity of choosing between the inconsistent provisions of the will and the law.''

Concerning the interpretation of a will, it was held in *Estate of Emerson,* 82 Cal.App.2d 510, 514 [186 P.2d 734], that:

" 'It is the testator's *intention,* and not the ground upon which that intention rests, that must control in the interpretation of his will. A mistaken belief on the part of a testator that he has the unrestricted power to dispose of the property absolutely is immaterial.' (*Estate of Moore,* 62 Cal.App. 265, 274 [216 P. 981].) The testator's intention that the estate in its entirety, and not merely his community interest therein, should be disposed of by his will was sufficient to put his widow to her election."

 In the fifth paragraph of his will the testator employed the words "all of my property of every kind and character, real, person(al) and mixed wherever situate and however held in which I have any power of testamentary disposition." Then in a subsequent paragraph the testator states that the provisions made for and the property given to his wife are in lieu of all her rights, claims and estates given to her by law in their community property and his separate estate, and then follows this pertinent provision: "and my wife shall and must elect as a condition precedent whether she shall take the property and benefits given to her under this Will or all laws in her favor."

Section 103, Probate Code, provides: "Where the meaning of any part of a will is ambiguous or doubtful, it may be explained by any reference thereto, or recital thereof, in another part of the will. All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole; but where several parts are absolutely irreconcilable, the latter must prevail."

It thus appears that the intention of the testator is clearly indicated to place the whole of the community property in trust, and the widow was therefore put to an election to take under the will or to take the share which the law allowed her under section 201, Probate Code. (*Estate of Vogt,* 154 Cal. 508 [98 P. 265]; *Estate of Prager,* 166 Cal. 450 [137 P. 37]; *Estate of Bump,* 152 Cal. 274 [92 P. 643].)

 (2) There is no evidence to support the finding that appellant elected to take under the will. It does not appear that the widow accepted any benefits under the will, and it was held in *Estate of McCarthy,* 127 Cal.App. 80, 85 [15 P.2d 223], that: "before a widow can be denied her right to elect upon distribution to take her half of the community

property it must be found that, with knowledge of her rights, by unequivocal acts evidencing her intent, she has so dealt with the property left her by the will that it would be inequitable to permit her to avoid those acts and disclaim her intent. (*In re Smith*, 108 Cal. 115 [40 P. 1037].)'' Under the will the widow under certain conditions is entitled to receive $100 a month during her life, but if she takes under the law she is entitled to receive one-half of an estate, the appraisal of which is $76,667.74, less funeral expenses and cost of administration. Courts should always be careful to guard the interests of widows in the estates of their deceased husbands. (*Estate of Dunphy*, 147 Cal. 95, 105 [81 P. 315].) In the instant case, the widow was not represented by counsel except in the matter of a family allowance. The widow has the right to know from the court record itself the nature of the property of the estate, that is, whether separate or community, and she is entitled to this knowledge before making an election. There is not a word in the inventory or in the first and final account indicating whether the property is separate or community. The testimony taken at the hearing of the final account and petition for distribution is completely mute on the subject. The report of the executrix and her final account does not show whether or not a demand was made by the widow and there is no basis for the finding in the decree of settlement of the first and final account and final distribution for the following:

"It Further Appearing to this Court that the estate of the above named decedent consists of community property of said decedent and his surviving spouse, Louise Klingenberg, and that the said surviving spouse, Louise Klingenberg, has not demanded of the Executrix her interest in the community property but elects to take under the provision of the Will heretofore admitted to probate.''

(3) In view of our conclusion that there is no evidence to support the finding that appellant elected to take under the will, it becomes unnecessary to discuss the contention raised in point 3.

The aforesaid decree is reversed with instructions to the trial court to permit the appellant, if she be so advised, to appear therein and make an election in the premises.

Goodell, Acting P. J., and Dooling, J., concurred.