[Civ. No. 8197. Third Dist. Jan. 14, 1953.]

B. F. HORTON et al., Respondents, v. ALLEN M. HORTON et al., Appellants.

Mazzera, Snyder & DeMartini, J. Calvert Snyder and Loraine B. Early for Appellants.

Harry J. Englebright for Respondents.

SCHOTTKY, J.—Plaintiffs commenced an action to quiet title to certain real property, the complaint being in the usual short form under section 738 of the Code of Civil Procedure, alleging ownership and possession in plaintiffs, and that defendants, without right, claimed an adverse interest.

The amended answer of defendants admitted plaintiffs' ownership and possession, subject to defendants' rights of ownership and possession as established by deeds from plaintiff B. F. Horton to F. A. Horton, copies of said deeds being appended as exhibits to the answer. Said answer admitted that defendants claimed an estate and interest in the property under said deeds, and affirmatively alleged that F. A. Horton died on August 29, 1949, and that defendants were his sole heirs at law. The prayer of the answer was that defendants' right, title and interest be declared under the deeds and quieted as to any claim of plaintiffs.

The evidence showed the following facts: Plaintiffs are husband and wife; defendants are brothers and sisters, the surviving issue of F. A. Horton, the deceased twin brother of plaintiff B. F. Horton. The two pieces of property involved are identified as the "Ione Property" and the "Ranch Property." Plaintiffs were married on March 18, 1928; plaintiff B. F. Horton had acquired the Ione property prior to his marriage, and he had acquired the ranch property after his marriage. On May 18, 1938, plaintiff B. F. Horton executed his deed of gift conveying the Ione property to his twin brother; on November 16, 1942, B. F. Horton conveyed the ranch property, by gift deed, to his twin brother and his wife, reserving a life estate in himself. B. F. Horton's wife, Elna Horton, was not named as a grantor in either of these deeds, nor did she join in their execution; her husband testified that he had executed the deeds to save probate costs. F. A. Horton died on August 29, 1949; his safe-deposit box was opened the following day, and the deed to the ranch property was found therein. Some 13 months after F. A. Horton's death, his son, defendant Allen Horton, found the deed to the Ione property in a desk in the room where his father slept. This action to quiet title was filed on September 11, 1950, but the deeds were not recorded until after its commencement, the deed to the Ione property being recorded on October 2, 1950, and the deed to the ranch property being recorded on September 20, 1950.

The trial court found that the allegations of plaintiffs' complaint were true and that plaintiffs are the owners in fee of the property in controversy. The trial court further found as follows:

"2) That it is true that said deeds, Exhibits A and B as contained in defendants' amended answer, were executed by B. F. Horton, one of the plaintiffs herein, without the knowledge or signature of plaintiff Elna H. Horton, wife of plaintiff B. F. Horton, and said deeds were delivered;

"3) That as to the property hereinafter described, and as contained in defendants' Exhibits A, said property was acquired after the marriage of plaintiff B. F. Horton and Elna H. Horton, and was therefor[e] the community property of the plaintiffs herein; that as to the property described, as contained in defendants' Exhibits B, that the community funds of plaintiffs were used in an undetermined amount to improve and maintain said property, and was therefor[e] the community property of the plaintiffs herein.

"4) That plaintiff Elna H. Horton has the right to void said deeds as contained in defendants' amended answer as Exhibits A and B; that plaintiff Elna H. Horton had no knowledge of the execution of said deeds sufficient to constitute laches."

From these findings of fact the trial court concluded that the plaintiffs were the owners in fee simple of the said real property and entitled to the possession thereof, and that the defendants had no right, title or interest therein and that the said deeds should be cancelled in their entirety. Judgment followed in accordance with said findings and conclusions, and this appeal is from said judgment.

The principal contention upon which appellants rely for reversal of the judgment is that the plaintiffs were not the owners of the legal title and therefore were not in a position to maintain an action to quiet title. They argue that the legal title to the property passed to the grantee upon the execution of the deeds, leaving in the grantor, until the recordation of the deeds, a mere record title subject only to the life estate reserved by the grantor in the ranch property. In support of this contention appellants cite a number of cases which lay down the rule that an action to quiet title cannot be maintained by the owner of an equitable title against the owner of the legal title. Among the cases cited by appellants upon this point are *Aalwyn's Law Institute* v. *Martin* (1916), 173 Cal. 21 [159 P. 158]; *Robinson* v. *Muir* (1907), 151 Cal. 118 [90 P. 521]; *County of Los Angeles* v. *Hannon* (1910), 159 Cal. 37 [112 P. 878, Ann.Cas. 1912B 1065]; *Strong* v. *Strong* (1943), 22 Cal.2d 540 [140 P.2d 386]; *Botchford* v. *Alt* (1945), 71 Cal.App.2d 340 [162 P.2d 984].

Respondents in reply argue that respondent B. F. Horton was the record holder of the title and that respondent Elna H. Horton had, by virtue of section 161a of the Civil Code, a vested or legal interest in the property, which interest they contend is sufficient to support an action to quiet title.

Section 161a of the Civil Code reads as follows:

"The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in the community property."

Section 172a of the Civil Code provides that while the husband has the management and control of the community real property, the wife must join him in executing any instrument by which such community real property or any interest therein is conveyed. Said section provides further that no action to avoid any instrument mentioned in the section, affecting any property standing of record in the name of the husband alone, executed by the husband alone, shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situated.

We believe that under these sections the wife has a vested legal interest in community real property and that an instrument of conveyance executed by the husband alone only serves to convey the legal title to the property if the wife fails to commence an action to avoid it within one year after the date of its recordation. ■ The deed executed by the husband merely serves as a cloud upon the title of the wife and does not ripen into an effective conveyance unless the wife fails to take steps to avoid it within the period specified in said section 172a. This being so, the authorities cited by appellant in support of the contention that the owner of the equitable title cannot maintain an action against the owner of the legal title are not in point because none of them dealt with a factual situation where a wife was seeking to set aside a deed to community property executed by the husband alone and without her consent. The case relied on most strongly by appellant is *Strong* v. *Strong, supra,* in which the court said, at page 545:

"Defendant contends that the judgment quieting title in her should be affirmed on the ground that she was induced by her husband's false representations to sign the deed. Defendant did not plead fraud, however, although the general rule that fraud must be specifically pleaded (see cases cited in 12 Cal.Jur. 800, et seq.) applies particularly to quiet title actions. (*Thompson* v. *Moore,* 8 Cal.2d 367, 372 [65 P.2d 800, 109 A.L.R. 1027]; *Maison* v. *Puntenney,* 212 Cal. 134, 137-139 [298 P. 33]; *Carpenter* v. *Smallpage,* 220 Cal. 129, 133 [29 P.2d 841, 30 P.2d 995]; *Burris* v. *Adams,* 96 Cal. 664, 667-668 [31 P. 565]; *Davies* v. *Symmes,* 49 Cal.App. 2d 433, 445-446 [122 P.2d 102].) Defendant, moreover, is not the legal owner, for title passed on execution of the deed. (See cases cited in 12 Cal.Jur. 723.) Any rights that she might have to the cancellation of the deed or to the declara-

tion of a constructive trust are entirely equitable (*Rocha* v. *Rocha*, 197 Cal. 396 [240 P. 1010]; *Farrar* v. *Steenbergh*, 173 Cal. 94 [159 P. 707]; *Freligh* v. *McGrew*, 95 Cal.App. 251 [272 P. 791]; Walsh, Equity, 492), and it is settled that such rights cannot be established in an action to quiet title when the pleadings contain merely general allegations asserting defendant's ownership and denying that of plaintiff. [Citing cases.]''

It is apparent that in the Strong case the wife had signed the deed and hence the legal title was conveyed, and the basis upon which the wife sought to set aside the deed was that she had been induced to sign it by fraudulent representations. ██ It is elementary that fraud must be specifically pleaded and the court held that the wife was not entitled to have the deed canceled on the ground of fraud when she sought to quiet her title under pleadings which contained merely general allegations of her ownership and denying that of the grantee under the deed. In the instant case no question of fraud is involved and while it would no doubt have been better for the deeds to have been attacked by a pleading stating so in direct language, we do not believe that either reason or authority compels the conclusion that they could not be attacked in a simple quiet title action. ██ However, even if the contention of appellant that respondents husband and wife could not by an action to quiet title avoid deeds executed by the husband alone were correct, we are convinced from a study of the entire record that the judgment of the court below should be affirmed. Section 4½ of article VI of our state Constitution provides that ''No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

The reporter's transcript in the instant case shows that at the very beginning of the trial the following occurred:

''THE COURT: I notice, in glancing through the file, the complaint is in the ordinary form of a quiet title action and there are on file an Answer and an Amended Answer. Was there a demurrer?

"Mr. Snyder: I don't believe there was any demurrer, your Honor.

. . . . . . . . . . . .

"Mr. Shepard: . . . The defendants have alleged and attached to their answer two deeds from which they claim to have derived title. The plaintiffs' contention is two-fold. We recognize the general rule as to a presumption of delivery and so forth, but one question is the question of delivery. The second question is that both deeds put in by the defendants are signed by B. F. Horton alone, and not by his wife. The provisions of Section 172 and 172(a) of the Civil Code are invoked.

"Mr. Snyder: Ordinarily, the burden would be upon us to proceed, but what if we should just offer our two deeds in evidence?"

The trial then proceeded and evidence was introduced by both parties bearing on the execution and delivery of the deeds and the nature of the property. It is clear from the findings that the learned trial judge regarded the trial as one involving the issues of the delivery of the deeds, whether the property was separate or community and whether the respondent wife consented to the execution and delivery of the deeds. At one point in the record the then counsel for respondents asked respondent Elna H. Horton the following question: "Did you ever at any time authorize your husband to execute those deeds,—in writing?" Counsel for appellants made the following objection: "We object to that as incompetent, irrelevant and immaterial." Counsel for respondents then withdrew the question and asked the following question: "Did you ever give a writing to your husband relative to the execution of those deeds?" This question was not objected to by appellants, and said respondent answered, "No. Never."

Nowhere in the record in the proceedings at the trial does it appear that counsel for appellants made any statement or contention that the issue as to the right of the husband to execute the deed could not be determined in the quiet title action filed by respondents. Appellants in their opening brief state:

"Defendants have conceded throughout this action and before the trial Court that the plaintiff Elna H. Horton had a right to bring an action to avoid the deeds in question, *but that she did not exercise it.* Instead, the plaintiffs instituted an action to quiet title. At most, under the pleadings, the plaintiffs could introduce evidence, not of the va-

lidity or invalidity of the deeds, but that said deeds were void. This they could not do.''

However, appellants at no time during the trial before the superior court made any such statement to the court, and we entertain no doubt that if such a statement had been made the court would and should have insisted that the pleadings be so amended and framed as to remove any doubt as to their sufficiency, for, as we said in *Feigin* v. *Kutchor,* 105 Cal.App.2d 744, 748 [234 P.2d 264] :

''. . . A trial is more than a contest between opposing counsel, and a trial judge is more than an umpire in a battle of wits between opposing counsel. The administration of justice is not improved by slavish adherence to technical rules of pleading, but counsel and court should cooperate in having the pleadings so shaped that the controversy between the parties litigant may be fully and fairly determined upon its merits and in accordance with substantial justice.'' See, also, *Miller* v. *Republic Grocery, Inc.,* 110 Cal.App.2d 187 [242 P.2d 396].

█ The office of pleadings is to outline the issues so that the parties may know what is involved in the litigation. They should, of course, be made as clear as possible, but are not intended to serve as a trap for the inexperienced or the unwary. █ In the instant case it is apparent that the parties, the court and counsel understood that what plaintiffs were attacking were the two deeds. If appellants desired to raise the point that the deeds could not be attacked in a quiet title action they should have raised the point at the trial in a clear and unmistakable manner. Instead, they permitted the trial to go forward along the lines stated by counsel for plaintiffs in his opening statement. So, even if appellants' contention that a wife could not in an ordinary quiet title action attack deeds of community real property executed by her husband alone could be sustained, we feel that to reverse the judgment in the instant case upon the record here would unreasonably subordinate substance to form and would fly directly in the face of the plain and meaningful words of section 4½ of article VI of our state Constitution heretofore quoted. If the law should compel a reversal in such a case the following quotation from Dickens' Oliver Twist would be applicable : ''If the law supposes that,'' said Mr. Bumble, ''then the law is an ass, an idiot.''

No question is raised as to the sufficiency of the evidence to sustain the findings of the trial court that the real prop-

erty was the community property of respondents and that B. F. Horton executed the deeds without the knowledge or consent of respondent Elna H. Horton. ■ Counsel for appellants does assert, however, that because of the form of the pleadings they were not prepared to litigate the issue of the character of the property in issue, and permitted testimony as to expenditures on the Ione property to go in without objection. However, the record nowhere shows any request by appellants for a continuance to enable them to adduce further testimony or any statement that they had further testimony to present. The record does show that counsel for appellants, in response to a question from the court as to whether or not the testimony was concluded, answered, ''Yes, your Honor.''

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied February 10, 1953, and appellants' petition for a hearing by the Supreme Court was denied March 12, 1953. Schauer, J., was of the opinion that the petition should be granted.