[Civ. No. 19812.   Second Dist., Div. One.   Dec. 15, 1953.]

Estate of WILLIAM H. KELLEY, Deceased.   MAUDE L. HUNTINGTON, Respondent, v. KATHERINE G. WILSON, Appellant.

O'Melveny & Myers, Richard C. Bergen and Richard F. Igl for Appellant.

Craig, Weller & Laugharn, Frank C. Weller, Hubert F. Laugharn and Thomas S. Tobin for Respondent.

DRAPEAU, J.—William H. Kelley and Jessie B. Kelley married in 1899. They lived together as husband and wife for more than 50 years. Mr. Kelley died March 16, 1951; Mrs. Kelley died February 9, 1952. They came to California from Indiana in 1930, and lived in Glendale for the rest of their lives.

By his will Mr. Kelley directed that all of his property, after payment of his debts, be distributed to a testamentary trust. From the trust his widow was to get the net income and so much of the corpus as might be necessary for her support and maintenance during her lifetime. After the widow died the trust property was to go to Mr. Kelley's sister and to certain of his nieces named in his will.

The will provided in the alternative however that if the

widow should "elect to take under the law and not under the will" the provision for the trust would be void; "and after my wife shall receive the minimum allowed her by law" all of the residue of the estate would go to the sister and nieces.

Mrs. Kelley made no election under her husband's will before she died.

After Mrs. Kelley's will was admitted to probate, her executrix filed an election in Mr. Kelley's estate, which was still pending in probate, to take Mrs. Kelley's community half of her deceased husband's estate.

Then Mrs. Kelley's executrix filed this proceeding in Mr. Kelley's estate, praying that an order be made, determining to whom the property should go.

The probate court made findings of fact, and ordered, adjudged, and decreed: (a) that a substantial part of Mr. Kelley's estate was acquired by him and his wife subsequent to 1927 and was their community property; (b) that the estate of the deceased wife is entitled to one-half thereof; and (c) that the executrix of Mrs. Kelley's estate had the right to file an election on behalf of Mrs. Kelley to take her widow's community rights under the law and to waive her rights under her husband's will.

Katherine G. Wilson, one of the nieces named in Mr. Kelley's will, appeals from the findings and decree. (The findings and decree are all in one order.)

The question in this case may then be stated: Did the election required by the husband's will have to be made during the widow's lifetime, or could the widow's executrix make such election during probate of the husband's estate?

Our Civil Code, section 161a, enacted in 1927, defines community property acquired during the marriage relation as a present, existing, and equal interest in the wife. This has been defined by our courts as a "vested" interest. Subject to administration (*Estate of Kurt*, 83 Cal.App.2d 681 [189 P.2d 528]), it belongs to the surviving wife and never did belong to the husband. (*Estate of King*, 19 Cal.2d 354 [121 P.2d 716]; *Horton* v. *Horton*, 115 Cal.App.2d 360 [252 P.2d 397]; *Cooke* v. *Cooke*, 65 Cal.App.2d 260 [150 P.2d 514].)

Section 201 of our Probate Code provides that upon the death of either husband or wife one-half of the community property belongs to the surviving spouse, the other half being subject to the testamentary disposition of one decedent.

A will may be so framed, however, as to put the surviving spouse to an election whether to take under the will or under

the statute. (*In.re Gray's Estate*, 159 Cal. 159 [112 P. 890]; *Estate of Klingenberg*, 94 Cal.App.2d 240 [210 P.2d 514].)

But "If a widow is put to an election she need not decide until the estate is distributed whether she wishes to claim her share in the community property or the benefits provided for her in the will." (*Estate of Roberts*, 27 Cal.2d 70, at p. 75 [162 P.2d 461], and cases cited.)

In consonance with the principles of law thus declared it follows that Mrs. Kelley owned a vested community interest in her husband's estate; that she did not have to make the election required by his will until the decree of distribution in that estate; and that Mrs. Kelley's executrix not only had the right to, but was duty bound to make the election.

Cases cited by appellant in support of her contention that the wife's right to make the election under the will was personal, and ceased and determined with her death, do not apply to the vested interest here under consideration. That rule applies to expectancies; not to vested interests. (*Estate of Field*, 38 Cal.2d 151 [238 P.2d 578].)

A widow's community interest may be divested when she agrees and consents to the provisions of her husband's will, or when she takes benefits under the provisions of the will. In this respect the law follows the principles of estoppel. (*Estate of Cecala*, 104 Cal.App.2d 526 [232 P.2d 48]; *Estate of Klingenberg*, 94 Cal.App.2d 240, supra.) ". . . before a widow can be denied her right to elect upon distribution to take her half of the community property it must be found that, with knowledge of her rights, by unequivocal acts evidenced her intent, she has so dealt with the property left her by the will that it would be inequitable to permit her to avoid those acts and disclaim her intent." (*Estate of McCarthy*, 127 Cal.App. 80, 85 [15 P.2d 223], quoted with approval in *Estate of Klingenberg supra.*)

The decree is affirmed.

WHITE, P. J.—I concur.

The facts in the instant case present a situation for application of an age old principle that law and good morals should be one and inseparable. The will of the decedent herein gave his widow only the income from the property of the estate during her lifetime, and on her death, the corpus was bequeathed to the husband's three nieces and a sister. Concededly, the time within which the widow might make an election had not expired when she died. Her death terminated

all of her rights and interest under the will. Under the facts of this case the problem of an "election" was resolved by her death.

As pointed out by respondent, "There was no longer any choice which could be made. The only thing which remained was her one-half interest in the community property which vested in her on the death of her husband under the provisions of section 201 of the Probate Code. This vested interest in turn became vested in her estate on her death. The widow, or her estate, can now get nothing under the will and the appellant is trying to deprive her, or her estate, of her one-half interest in the community property given to her by statute. The effect of appellant's contention in this case is that when the widow has not made an election, although the time for election has not expired, that she receives nothing from an estate which she helped to accumulate and conserve for over a period of fifty years."

To permit such an injustice seems to me shocking and unconscionable, and should not have the imprimatur of the law.

Doran, J., dissented.