[Civ. No. 11130. Fourth Dist., Div. One. Mar. 16, 1972.]

Estate of HENRY JOHN WATERS, Deceased.
GEORGIA ELIZABETH WATERS, as Executrix, etc., Petitioner and Respondent, v.
VIRGINIA JENNINGS, Objector and Appellant.

**COUNSEL**

Seckler & Kardaras and Constantine J. Kardaras for Objector and Appellant.

Danielson & St. Clair and H. Spencer St. Clair for Petitioner and Respondent.

**OPINION**

**AULT, J.** — Virginia Jennings, the daughter of Henry John Waters, appeals from a decree of final distribution in her father's estate under which she received nothing. She contends her father's self-drawn will required his widow to elect between taking under the will or receiving other property which vested in her as the result of her husband's death. In the alternative, Virginia claims she is entitled to share in the estate as a pretermitted heir.

The testator, Henry John Waters, and his wife, Georgia Elizabeth Waters, owned real property located at 1304 - 38th Street in San Diego. In 1955 they converted it from a tenancy in common to a joint tenancy.

In 1961 Henry executed his last will in which he left $60,000 to his son Ronald (apparently in accordance with a previous settlement agreement with his first wife), $100 to his stepdaughter Jacqueline Wadsworth,[1] and made this provision for his daughter Virginia: "*Fifth*. I will and bequeath to my daugther Virginia Jennings one half ownership in the property located at 1304 - 38th. Street, San Diego, California, hereinafter described as Lots ONE to EIGHTEEN, Block THIRTY SIX, MARILOU PARK and direct that necessary legal papers be drawn and issued at my decease which shall clearly determine a co-ownership of said property between my wife Georgia Elizebeth Waters and my daughter Virginia Jennings of one half ownership each. I further direct and will that my wife Georgia Elizebeth Waters shall have a life tenancy in the complete property and shall receive all income such as rents and leases from said property and she shall pay all necessary expenses connected with said property such as taxes and assessments until her death." His wife Georgia was left the residue of the estate and named the executrix.

---

[1] In the event Henry and his wife suffered simultaneous death, the will provided for the $60,000 bequest to Ronald and the equal division of the residue of his estate between his daughter, Virginia, and his stepdaughter, Jacqueline, and named Jacqueline as executrix.

When Henry died in 1969, the 38th Street property was still held in joint tenancy; it was valued at $125,000. He left a probate estate valued at $99,475.74. At the close of administration, his widow and executrix petitioned for final distribution, proposing to distribute the legacies to Ronald and her daughter Jacqueline, and the residue of the estate to herself. Virginia filed objections to the proposed distribution, contending the will put the widow to an election, either to take the residue of the estate under the will or to assert her joint tenancy rights to the 38th Street property.

Henry's widow then filed an amended petition for distribution in which she alleged the will did not put her to an election and that she was entitled to the residue of the estate. However, if she were required to elect, she alleged she would waive her rights under the will, in which event Henry would have died intestate as to the residue of his estate, and it would be distributable ⅓ to the widow, ⅓ to his son Ronald and ⅓ to his daughter Virginia. If put to an election, she also alleged she was entitled to receive $22,554.22 from the estate as her half of a community property asset in the probate estate.

At the hearing both counsel argued, but no oral testimony was presented. The court held title to the joint tenancy property passed to the widow on her husband's death; the probate court had no jurisdiction over the joint tenancy property; and no provision in the will, either express or implied, put the widow to an election. The judge said: "The will is clear, it is plain. Now as to what he was thinking about at that time, I do not know. That is not before me." A decree was entered accordingly, distributing the specific bequests to Ronald and Jacqueline, and the entire residue of the estate to the widow. This appeal by the daughter, Virginia, followed.

## DISCUSSION

Directly contrary to the statement made by the trial judge when he gave his decision, what the testator "was thinking about" when he drew and executed his will, was very much before the court. ■ In the construction and interpretation of wills, the paramount rule, to which all other rules of construction must yield, is that a will must be construed in accordance with the intention of the testator. (Prob. Code, § 101; *Estate of Russell*, 69 Cal.2d 200, 205-206 [70 Cal.Rptr. 561, 444 P.2d 353].)

Under the undisputed facts, Henry's will was not plain, clear or unambiguous. While the fifth paragraph of the will makes it clear Henry intended to leave his daughter, Virginia, a one-half interest in the 38th Street property, the ambiguity develops because he held title to the property at the time

of his death with his wife in joint tenancy. His interest in the property was not subject to testamentary disposition.

■ The doctrine of election is a part of the broad body of law which deals with construction and interpretation of testamentary instruments. It is generally invoked in two situations: (1) where the testator provides in his will for his surviving spouse and the question arises as to whether the latter must elect between taking under the will or asserting his or her marital rights in the testator's property, and (2) where the testator leaves property to a designated person and also attempts to dispose of property owned by such person or in which such person has an independent claim or right. (57 Am. Jur., Wills, § 1526, pp. 1037-1038.)

The doctrine of election in connection with testamentary instruments has long been recognized and accepted in California. (*Morrison* v. *Bowman,* 29 Cal. 337, 347-352; *In re Smith,* 108 Cal. 115, 119 [40 P. 1037]; *Estate of Emerson,* 82 Cal.App.2d 510, 512-515 [186 P.2d 734]; *Estate of Resler,* 43 Cal.2d 726, 732-734 [278 P.2d 1]; *Estate of Wolfe,* 48 Cal.2d 570, 574 [311 P.2d 476].) While most of the California decisions involve attempted dispositions of more than one-half of the community property, and thus concern an election between taking under the will or asserting the independent marital community property right, "The principle applies to any other kind of property right which one must relinquish if he desires to take under such a will." (*Estate of Cecala,* 104 Cal.App.2d 526, 530 [232 P.2d 48].)

On the question of election, no California cases involving an attempted disposition of joint tenancy property have been found. However, other jurisdictions require an election where a beneficiary in a will was a joint tenant with the testator in property purportedly disposed of in the will to a third person. (See 57 Am. Jur., Wills, §§ 1555-1557, pp. 1060-1063, and Supp. (1971) pp. 132-133; Anno., 68 A.L.R. 2d 775, 776.) We find nothing in the California decisions to indicate the principle of election should not apply in the instant case.

The principles of law which should govern are well stated in the *Estate of Resler, supra,* 43 Cal.2d 726, at page 733: ■ " 'While courts will presume that a testator meant to deal with that property only over which he had power of testamentary disposition this presumption cannot prevail against the unequivocal intention expressed in the will. That intention, when it can be deduced from the instrument, governs its construction.' (*In re Smith,* 108 Cal. 115, 119 [40 P. 1037].)" ■ " . . . 'It is the testator's *intention,* and not the ground upon which that intention rests, that must control in the interpretation of his will. A mistaken belief on the

part of a testator that he has the unrestricted power to dispose of the property absolutely is immaterial.' (*Estate of Moore,* 62 Cal.App. 265, 274 [216 P. 981].)" (*Estate of Resler, supra,* p. 733.)

■ The fifth paragraph of the will clearly demonstrates Henry intended to leave a one-half interest in the 38th Street property to his daughter, Virginia, subject to his widow's right to enjoy the benefits from the whole property during her lifetime. Nothing in the will negates his likely belief he had the power to do so. Insofar as ascertaining his intent is concerned, the fact he had no such power is immaterial. (*Estate of Resler, supra,* 43 Cal.2d 726, 733; *Estate of Emerson, supra,* 82 Cal.App.2d 510, 514.) Under the circumstances, we believe the will required the widow to elect between accepting the residue of the estate as provided in the will and asserting her independent and paramount right to the whole of the joint tenancy real property.

In her amended petition for final distribution, the executrix and widow indicated if she were required to elect, she would waive her rights under the will. The trial court should have accepted the waiver.

What we have said makes it unnecessary to discuss Virginia's claim she is entitled to share in the estate as a pretermitted heir. That issue was not presented to the trial court and is urged on appeal only as an alternative. Since we have ruled in her favor on her first contention, we need not consider the alternative contention.

The order of final distribution is reversed. The case is remanded to the trial court to proceed in accordance with the views expressed in this opinion.

Whelan, Acting P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.